MILLVILLE AERIE, NO. 1836, FRATERNAL ORDER OF EAGLES,

*v.*

BENJAMIN B. WEATHERBY et al.

[Submitted October 16th, 1913. Determined October 18th, 1913.]

1. Taxes accruing after a contract of sale but before the conveyance of the land must be paid by the party in possession, in the absence of an agreement to the contrary.

2. Where the purchaser of land went into possession when the contract was executed, and from that time enjoyed the rents of the property, the payment by the vendor of taxes accruing after the purchaser went into possession and before conveyance, it appearing that the purchaser had refused to pay them, is not voluntary, for the vendor might pay them to protect the title, and charge the amount so paid to the vendee.

3. *P. L. 1903 p. 424 § 46*, permitting a tenant to recover the amount of taxes paid from his landlord, does not modify the rule requiring a vendee in possession under a contract of sale to pay the taxes accruing during that period.

4. A purchaser under a valid contract becomes the equitable owner of the land, the vendor retaining the legal title simply as trustee and as security for the unpaid purchase-money, and as such equitable owner the purchaser is entitled to the proceeds from policies of insurance on the property.

5. Where the purchaser of property, subject to a mortgage, entered into possession before conveyance, the contract providing that the purchaser might assume a mortgage as a part payment, and that, in case it or any amount due is demanded by the mortgagee, then the amount of the mortgage is to be secured by a purchase-money mortgage from the purchaser to the vendor, the vendor having insured the property and paid the premiums because the mortgagee threatened to foreclose in case it was not done, is not entitled to recover the amount of the premiums from the purchaser, it appearing that the insurance was taken out for the vendor's benefit, and that the purchaser was given no option as to whether he desired it or not.

6. Where the complainant, who was a vendor of land, sought to compel the vendee not only to pay taxes which accrued after he went into possession and before the contract was consummated, but to require him to pay insurance premiums, and was successful only as to the taxes, costs should be allowed neither party.

On final hearing on bill for specific performance of contract for sale of land.

*Mr. Joseph F. Smith,* for the complainant.

*Mr. Joseph H. Powell,* for the defendants.

LEAMING, V. C.

The question here presented is whether, as between vendor and vendee, the burden of taxes and insurance covering the period between a contract of sale of land and the date for delivery of the deed of conveyance falls upon the vendor or vendee in the absence of any stipulation touching taxes or insurance other than the engagement of the vendor to deliver a deed for the property free from all encumbrances.

This bill is filed by the vendee for the specific performance of the contract. Vendee has made all payments specificallly named in the contract and the vendor refuses to deliver a deed until paid the amount he has expended for taxes and insurance. Both parties tender themselves as willing to complete the contract when it shall be determined on whom the burden referred to falls.

*Taxes.*—This question does not appear to have been adjudicated in this state; but the precise question has been frequently determined by the courts of sister states. The rule uniformly adopted is that as between the vendor and vendee taxes which accrue between the date of the contract of sale and the date of delivery of the deed of conveyance are chargeable to the one in physical possession of the property. In *39 Cyc. 1636,* the several adjudications are collected and the following text, which is fully supported by the cases cited, is adopted:

"It is well settled that if the purchaser after the contract is made goes into possession and enjoys the use of the property, he is liable for the taxes accruing during his possession, notwithstanding the contract requires the vendor to convey by warranty deed at a future date."

The same rule is stated in *29 Am. & Eng. Encycl. L. (2d ed.) 716,* as follows:

"The vendor remaining in possession after the making of the contract must pay the taxes imposed on the land during the interval between the date of the contract and the date of completion, but if the purchaser is in possession he must pay the taxes."

In the present case the purchaser entered into possession at the time the contract of sale was executed and has since enjoyed the rents of the property. Tax bills for taxes accruing during the period of performance were rendered to the vendor and by him forwarded to the vendee for payment and by the vendee returned to vendor unpaid. They were then paid by the vendor. Such payments cannot be regarded as in any sense voluntary. In *Bradford* v. *Union Bank, 13 How. 57, 64,* it is held that under such circumstances the vendor may pay the taxes to protect the title and charge the amount so paid to the vendee.

It is urged that *P. L. 1903 p. 424 § 46,* rendering a tenant liable for taxes and permitting the tenant to recover the amount paid from his landlord, is operative to modify the rule above stated. I am unable to adopt that view.

*Insurance.*—By the terms of the contract the property was to be conveyed subject to the lien of a certain mortgage, the payment of which the purchaser was to assume. The insurance here in question was placed on the property by the vendor, after the date of the contract, by reason of a demand of the mortgagee for insurance collateral to his mortgage; the mortgagee threatening foreclosure unless the insurance should be supplied in the manner stated.

I am unable to doubt that as between the vendor and vendee, under the issues here framed, the cost of his insurance is not chargeable to the vendee.

As purchaser under a valid contract of purchase vendee became the equitable owner of the property; in equity the property is regarded as belonging to him, the vendor retaining the legal title simply as trustee and as security for the unpaid purchase-money. By reason of this equitable relation of the parties to a contract of sale of land it has been determined by the great weight of American authority that money accruing on a policy of insurance, where the loss has occurred subsequent to the execution of the contract, will, in equity, inure to the benefit of the

vendee; the vendor still retaining his character as trustee, and the insurance money in his hands representing the property that has been destroyed. See *1 War. Ven. 205 § 20; 39 Cyc. 1641, 1644.* In the event of loss by fire the proceeds of the insurance policy here in question would have been applied to the payment of the mortgage, the amount of which forms a part of the purchase price of the premises purchased, and any surplus would have further inured to the benefit of the vendee by being applied on his purchase-money, and any further surplus would have been payable to him by his vendor. The insurance here in question must therefore be regarded as essentially for the benefit of the vendee, although it afforded an incidental benefit to the vendor in supplying him an additional security for the purchase price of the land; such additional security to vendor cannot, however, be here treated as an element of substantial value to the vendor, for its value could only arise from a failure of the vendee to comply with his contractual obligations to the vendor.

But, notwithstanding these suggestions touching the rights of the respective parties in the proceeds of the insurance, I am unable to reach the conclusion that the vendor is entitled to now require payment by the vendee of the amount paid by vendor for insurance, as a condition precedent to the delivery of the deed. The contract provides that the vendee may assume the mortgage heretofore referred to as a part payment of the purchase price, and that "in case said mortgage, or the amount due thereon, is demanded by the mortgagee," then the amount of the mortgage is to be secured by a purchase-money mortgage from the vendee to the vendor. The contract also provides for the vendee to pay interest to the vendor, pending the period for installment payments, on the full unpaid amount of the contract price and accordingly contemplates the payment of interest on the mortgage by the vendor up to the time of the delivery of the deed. The outstanding mortgage contains no insurance clause. It will thus be observed that it was immaterial to the vendee whether the vendor discharged the outstanding mortgage or not. When the mortgagee demanded of the vendor insurance collateral to his mortgage and threatened foreclosure unless it should be supplied, it became the duty of mortgagor to as-

sume the burden of any expense necessary to induce the mortgagee to defer the enforcement of his lawful demand for the money then due to him from the vendor. While, as already indicated, the insurance, if issued, would inure to the benefit of the vendee in the event of loss by fire, it was clearly the privilege of the vendee to determine for himself whether he would carry insurance for his own benefit or not. In this he was not consulted or given a choice. On the contrary, the insurance was in fact purchased by the vendor for the primary purpose of saving himself the burden of discharging the mortgage. Under these circumstances, I think it clear that the amount so paid by the vendor for insurance must be equitably regarded as a wholly voluntary payment which he is not privileged to now enforce against his vendee as a condition precedent to the delivery of a deed.

I will advise a decree pursuant to the prayer of the bill upon the amount which has been paid by defendant vendor for taxes which accrued during the performance period specified in the contract being paid to him, with interest on each payment from the several dates of payment.

Under the circumstances of this case, I think no costs should be recovered by either litigant against the other.