REUBEN B. HALL, complainant-respondent,

*v.*

FRANCIS C. ELY, defendant-appellant.

[Submitted July 7th, 1919.   Decided November 17th, 1919.]

1. In vendor's suit for specific performance of contract to purchase land consisting of two separate tracts, where the title to one tract fails but vendee asks conveyance of the other with compensation, no compensation will be decreed when it appears that the tract whose title is defective was not considered by the parties as a substantial element of valuation when the purchase price was agreed on, and that vendee then knew the title was defective.

2. Evidence of transactions between the parties before the execution of the contract in this case, *held* admissible to show the knowledge of both parties as to the defect in title, and the disregard by them of the second tract as a substantial element in the purchase price, the contract expressing nothing on that point.

3. When the vendee goes into possession under the contract, he is entitled to the profits of the land, and the vendor to interest on the purchase-money unless some superior equity appears.

On appeal from a decree advised by Vice-Chancellor Leaming.

*Mr. Oscar B. Redrow,* for the appellant.

*Mr. David O. Watkins* and *Mr. George B. Marshall,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This was a vendor's suit for specific performance of a contract to purchase two tracts of land in Gloucester county, the first of about ninety-one acres and the second of about fourteen acres. Vendee's plan was to divide the land into lots for sale. He entered at once into possession of the ninety-one-acre tract and was in possession at the filing of the bill. As to the second tract, it developed on the hearing that complainant could not make marketable title to that tract; but as defendant, both in his answer and at the outset of the hearing, expressed his willingness and desire to accept the first tract irrespective of the other, and merely prayed allowance for the value of the second, the parties stipulated in writing for, and the court ordered, a reference to a master to take an account between the parties of the claims arising out of the situation, including an ascertainment of what deduction, if any, should be made from the purchase price because of the failure of title to the fourteen-acre tract, and also adjust other claims, such as taxes, interest on purchase money, and so on, and to report accordingly. The master, after taking testimony at some length, reported back that on the facts found by him, the vendee was not entitled to any deduction for failure of title to the smaller tract. He further reported an adjustment of interest and taxes, which will be noticed later on.

Upon the coming in of the report, the vendee, defendant, filed a petition alleging surprise in the consideration by the master of certain testimony and praying leave to adduce further testimony in rebuttal thereof. The case was referred back to the master who heard the additional testimony and reported that his first conclusion was in no way changed thereby; whereupon the vice-chancellor, after hearing exceptions to both reports, overruled the exceptions and made the decree now appealed from.

While the same result was reached in both reports, it is not rested on the same grounds in both. In the first report the master relied mainly on the rule propounded by the late Vice-Chancellor Van Fleet in *Peeler* v. *Levy, 26 N. J. Eq. 330,* to the effect that compensation will "generally be denied where the

party asking it had notice at the time the contract was made, that the vendor was agreeing for more than he could give or convey, and it appears that the vendee has not, in consequence of the contract, placed himself in a situation from which he cannot extricate himself without loss." The evidence showed clearly to his mind (as it does to ours) that such a situation existed in the case. In the second report the master found the same state of facts, especially that the vendee knew that as to the fourteen-acre tract vendor had either a defective title or none at all, "and that the same did not enter materially into the transaction, * * * except that Ely was desirous of obtaining from the complainant whatever title or interest the latter possessed therein." Also, "that the consideration agreed to be paid by Ely referred to the premises sold independently of the fourteen-acre tract, and that the value of the latter did not form part of such consideration."

We come to the conclusion that the decree below should be affirmed, but prefer to rest our decision upon the second point rather than the first. Beyond noting the later case of *White* v. *Weaver, 68 N. J. Eq. 644,* where Vice-Chancellor Reed refused to follow the rule just quoted from *Peeler* v. *Levy,* and his opinion was adopted by this court (at *p. 646*), we express here no opinion on the correctness of the rule quoted above from *Peeler* v. *Levy.* As to the other ground taken by the master, the case is quite clear that defendant knew, before signing the contract, of the defective title to the smaller tract; that complainant's agent offered it to him substantially as a bonus for buying the larger one; and that even its location was not known with any precision. Its value, as appraised by the master, was only $280, or $20 an acre. The purchase price for both tracts stated in the contract was $4,500. We think the evidence fully supports the view taken by the master, that in the dealings between the parties the purchase price was fixed as a valuation of the ninety-one-acre tract and that the other was disregarded as an element of value. Plainly it would be inequitable to award a deduction under such circumstances, and the court properly decreed that vendor should convey his right, title and interest in

the smaller tract and receive the full purchase price with proper allowances for taxes and interest based on defendant's possession under the contract.

The other points argued for a reversal are that it was error to admit testimony touching transactions which occurred prior to execution of the contract, because they were obnoxious to the rule excluding parol evidence tending to vary or contradict the terms of the contract; that no interest should have been charged against appellant for any time prior to the date when it was definitely ascertained in court that vendor's title to the smaller tract was defective; and that appellant should not have been charged with costs below. As to the evidence objected to, it was clearly competent, not as varying or contradicting the contract but to show the defendant's knowledge of facts at the time he entered into it, just as he himself would have been entitled to put in similar antecedent transactions to show, let us say, fraud of complainant. And where, as in this case, the vendee himself prays a conveyance of the larger tract with an allowance for the smaller, and stipulates for a reference to ascertain what deduction, "if any," should be made for the failure of title to the smaller, parol evidence is not only proper but important on the question of the figure cut by the smaller tract in the estimation of the parties, the contract itself being silent on this point.

As to interest on the purchase price, defendant went into possession of the large tract under the express stipulation of the contract that he should do so, and an agreement to pay $100 cash, which he paid, $900 in sixty days, and a month later a purchase-money mortgage for the remainder. Under the well recognized rule he was the equitable owner of the land and the vendor of the purchase money. *Haughwout* v. *Murphy, 22 N. J. Eq. 531, 546.* Being in possession, the vendee received the benefit of the land, and, on the other hand, vendor who did not receive the purchase money is entitled to interest on it from the date when it should have been paid in cash or mortgage. *King* v. *Ruckman, 24 N. J. Eq. 298, 301; Brown* v. *Norcross, 59 N. J. Eq. 427.* No point is made of the taxes; naturally a purchaser in possession should pay current taxes.

It is argued that interest should not begin to run until the judicial ascertainment that vendor could not convey complete title; but to this we cannot agree. The hearing and decree in this cause establish the status of the parties as of the time when the contract should have been performed, and that time was the date fixed in the contract, when, as found in the case, both parties knew that there was a failure of title, and that it was immaterial to defendant, and he should have accepted a deed for the first tract and what vendor had to give in relation to the second.

The same reasoning disposes of the claim that costs should run only from the date when the hearing began. We may add that defendant was comfortably in possession, when the bill was filed, of the ninety-one-acre tract upon a payment of $100 only. He could have filed a bill himself and as he wished a deed to the ninety-one-acre tract irrespective of the other, should have done so. Instead he preferred to occupy the land without paying for it and thus forced complainant to his bill. Under such circumstances it is eminently proper that he pay costs.

The decree will be affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson—14.

*For reversal*—None.