44 N.J. Super. 365 (1957)
130 A.2d 637
CHARLES E. KLEINERT AND EDNA ANNA KLEINERT, PLAINTIFFS-APPELLANTS,
v.
FRANK DeCHIARO, JOSEPHINE DeCHIARO, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1957.
Decided March 28, 1957.
*366 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Eugene F. Hillery argued the cause for appellants.
Mr. I. Ezra Newmark argued the cause for respondents (Mr. Orville V. Meslar, attorney for respondents De Chiaro; Mr. Newmark, attorney for respondents Smith).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a Superior Court, Law Division, judgment granting plaintiffs specific performance of a contract for the purchase of a house and lot with allowance by way of abatement from the purchase price, and charging plaintiffs with 6% interest on the unpaid balance from the date they went into possession of the premises until closing of title, and also municipal taxes levied for the *367 same period. The court, with the consent of both parties, exercised its equitable jurisdiction in order to dispose of the action completely on the merits. Const. 1947, Art. VI, sec. IV, pars. 1, 4, 5; N.J.S. 2A:3-3; Donnelly v. Ritzendollar, 14 N.J. 96 (1953).
On October 22, 1954 plaintiffs entered into a contract for the purchase from defendants of a property then in the process of construction, located at 44 Midland Drive, Morris Township. The contract was contingent upon plaintiffs obtaining a 25-year, 4 1/2% veterans' mortgage for the balance of the purchase price by November 22, 1954. The sellers agreed to complete the dwelling, it being agreed that the deed would pass on November 15, 1954. Plaintiffs obtained a letter of commitment for a veterans' mortgage loan from a local bank on December 1, 1954, final approval of the loan being subject to satisfactory Veterans Administration appraisal and compliance inspection report, and receipt of a satisfactory credit report. Such approval had not been obtained nor the deed delivered when, on December 10, 1954, defendants permitted plaintiffs to go into possession. On that date the interior was complete and the exterior substantially so, with some work remaining to be done in the garage and in grading the lot. There was no agreement for rent; plaintiffs have continued in possession without paying anything for use and occupation.
According to plaintiff Kleinert, defendant DeChiaro "more or less tried to finish the house. * * * [He] tried to do the best he could," but at the time of trial in November 1956 there still remained to be completed some minor items estimated to cost $313. Plaintiffs could not obtain approval of the V.A. loan because of the unfinished state of the house. The V.A. loan certificate was finally issued June 15, 1956 and called for finishing the front porch and installation of a guardrail, rough grading of the lot, and finishing the driveway.
Plaintiffs initially brought suit for damages, but then amended their complaint to demand judgment, in the alternative, of specific performance with abatement in price for *368 unfinished work. Defendants in their respective answers stated that this work was in the process of being completed and that they were willing to convey title in accordance with the terms of the contract. They counter-claimed for mesne profits and damages and for rental at the rate of $100 per month. As noted, judgment for specific performance went in favor of plaintiffs, with an abatement of $313 from the purchase price, and they were directed to pay defendants 6% interest from December 10, 1954 and all taxes levied from and after that date.
Plaintiffs appeal from that part of the judgment allowing defendants interest and taxes. They argue that they should not be compelled to pay either sum because they were prevented by defendants' breach from closing their mortgage loan and taking title.
The rule in courts of equitable jurisdiction is that in the absence of some incompatible equity a purchaser in possession will be required to pay interest on the unpaid portion of the purchase price. Volk v. Atlantic Acceptance & Realty Co., 142 N.J. Eq. 67 (Ch. 1948), and the cases there collected; New Jersey Highway Authority v. Renner, 32 N.J. Super. 197, 201 (App. Div. 1954), affirmed 18 N.J. 485 (1955); Annotations, 75 A.L.R. 316, 325-332 (1931); 25 A.L.R.2d 951, 956-959 (1952). It has been held that this rule will be applied even though the delay in the execution of the contract of sale arises by fault of the vendor. Simonds v. Essex Passenger Ry. Co., 57 N.J. Eq. 349, 353 (Ch. 1898), quoted with approval in Volk, above, 142 N.J. Eq., at pages 72-73. The theory is that a purchaser should not be able to enjoy the use and profits of the land as well as the balance due on the purchase price without paying interest on the balance.
Plaintiffs argue against the application of the rule because of the presence of an incompatible equity, citing the Renner case in support. We find no incompatible equity, nor do the present facts parallel those in Renner. There the purchase money was not due until 30 days after delivery of the deed, and Mrs. Renner never tendered the deed until *369 after judgment. Moreover, as the court pointed out, she was in willful default on the contract. In contrast, defendant DeChiaro, by plaintiff's own testimony, did whatever he could to complete the work. No reason appears in equity for permitting plaintiffs to retain both the use of the premises and interest on the unpaid balance of the purchase price.
Defendants' failure to deliver a fully completed dwelling did, however, prevent plaintiffs from promptly obtaining a veterans' mortgage, the interest rate on which would have been only 4 1/2%. Under these circumstances, it would be inequitable to require plaintiffs to pay 6% interest. True, 6% is the legal rate of interest and the one consistently allowed at law  at least in the absence of a contrary understanding between the parties. However, a court of equity has never felt itself compelled to fix interest at the legal rate but has exercised discretionary power to name a lower rate where such rate would be more equitable. Agnew Co. v. Board of Education of City of Paterson, 83 N.J. Eq. 49, 67-69 (Ch. 1914), affirmed o.b. 83 N.J. Eq. 336, 339 (E. & A. 1914). The legal rate is set for the purpose of compensating a party for loss of the use of money owing him, but such is not the basis of allowing interest here. The court is not seeking to compensate defendants, for they caused the difficulties plaintiffs complain of, but to preclude plaintiffs from receiving the unjust enrichment of both interest and the use of the premises, even though they were without fault. Such unjust enrichment is to be measured by interest at 4 1/2%, the amount they would have had to pay on the veterans' mortgage while enjoying the premises had defendants' completed their work in time. Accordingly, 4 1/2% interest will be the extent of defendants' recovery.
There can be no dispute that the obligation to pay municipal taxes assessed against the premises falls upon plaintiffs for the time they were in possession, absent an agreement to the contrary. Millville Aerie No. 1836, F.O. of E. v. Weatherby, 82 N.J. Eq. 455, 456 (Ch. 1913); Hall v. Ely, 91 N.J. Eq. 92, 95 (E. & A. 1919); and cf. N.J.S.A. 54:4-1 and City of Newark v. Fischer, 8 N.J. 191, 197 ff. (1951), *370 regarding assessment against a vendee entitled to or in possession. The court correctly charged plaintiffs with the payment of taxes from the date of their entry into possession.
Plaintiffs appear to object to paying the interest due on the unpaid portion of these taxes. But since the law places upon them the burden of paying property taxes while in possession, it follows that they are likewise liable for the payment of any interest which results from failure to meet this municipal burden.
The judgment is modified to require plaintiffs to pay interest at the rate of 4 1/2% on the unpaid balance of the purchase price, as well as taxes, from December 10, 1954. As modified, the judgment is affirmed.