61 N.J. Super. 104 (1960)
160 A.2d 183
PIONEER GUN CLUB, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
THE TOWNSHIP OF BASS RIVER, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 7, 1960.
*105 Mr. Martin L. Haines (Messrs. Dimon, Haines & Bunting, attorneys) appeared for plaintiff.
Mr. Alfred M. Bitting, attorney for defendant.
WICK, J.S.C.
On December 12, 1955 defendant township sold certain premises to plaintiff at a public tax sale for taxes due for the years 1952, 1953 and 1954, for the sum of $1,987.94, which included a premium of $1,555; and thereafter plaintiff paid subsequent taxes amounting to $595.53. The premises sold were described on the tax duplicate and in the certificate as "595 acres of brushland at Warren Grove adjoining Burlington and Ocean County lines," assessed to Le Claire Nursery.
By stipulation it develops that the lands assessed and covered by the certificate were conveyed to the United States of America in 1949, and have been so owned ever since. The unpaid taxes for which the premises were sold were for years after 1949.
Plaintiff seeks the return of moneys paid at the tax sale and for subsequent years' taxes, with interest, upon the basis that the lands were not assessable and the tax sale *106 was thereby void. Defendant contends that at the tax sale no warranties of title were expressed or implied, and that in the absence of fraud a purchaser is without remedy against the municipality at either law or in equity.
Plaintiff relies upon R.S. 54:5-43, which reads as follows:
"If the assessment itself is valid and the tax, assessment or other municipal charge, or any part thereof, is justly due, no sale shall be set aside, except on condition that the amount due shall be paid to the municipality for the use of the holder of the certificate of sale by the person applying to set it aside. If the sale shall be set aside the municipality shall refund to the purchaser the price paid by him on the sale, with lawful interest, upon his assigning to the municipality the certificate of sale and all his interest in the tax, assessment or other charges and in the municipal lien therefor, and the municipality may readvertise and sell if the municipal lien remains in force."
Defendant relies upon the case of Manor Real Estate & Trust Co. v. City of Linden, 8 N.J. Super. 114 (App. Div. 1950), which involved the assignment of two tax liens covering property which had after the tax sale been sold to the State of New Jersey and suit was to recover the monies paid for the assignments. There Judge Colie said, at pages 116-117:
"There was neither a mutual mistake of fact nor a breach of an implied warranty, merely a failure to appreciate the legal effect of the assignments. The general rule is that the holder of a tax certificate may not be reimbursed by the taxing authority in the absence of statute giving that right. In Casselbury v. Inhabitants of Township of Piscataway, 43 N.J.L. 353 (Sup. Ct. 1881), it was held in a case in which there was illegality in the method of procedure that the municipality was under no obligation to refund the purchase money because the tax title failed. In Tooker v. Roe, 44 N.J.L. 591 (Sup. Ct. 1882), a case in all essentials comparable to the present one, the court said: `"Purchasers frequently accept deeds by which no title is conveyed, under a misapprehension of the law. When there is no mistake or misrepresentation as to the facts, and no fraud and no warranty of title, they have no redress at law or in equity."'
Rights and liabilities under tax sale proceedings rest upon the statute. Nelson v. Naumowicz, 1 N.J. 300 (Sup. Ct. 1949). The plaintiff misconceives the nature of the assignments which it purchased. *107 The instruments purported to assign just what the municipality bought in 1932 and 1933 and no more. We think the language in Cook v. Weigley, 67 N.J. Eq. 716, at page 721 (E. & A. 1904), as there applied to a deed with no covenant of title is applicable to the assignments in this case. We quote: `the purchaser who has received no covenants which cover a defect or encumbrance, can neither retain the purchase money nor recover it back if already paid. Unless there has been fraud, he is absolutely without relief against his vendor, either at law or in equity. Rawle Cov. Tit. 607.
"The rule in such instances is caveat emptor, and the vendee has no remedy for failure of title, except such as may be provided for by covenants in the conveyance. Phillips and Sheddon v. Mayor, etc., of City of Hudson, 31 N.J.L. (2 Vroom) 143; Slocum v. Seymour, 36 N.J.L. (7 Vroom) 138-141. Where there is no mistake or misrepresentation as to facts, and no fraud and no warranty of title, the purchaser has no redress at law or in equity. Hampton v. Nicholson et al., 23 N.J. Eq. (S C.E. Green) 423-427.'"
As stated, this case was so decided because the court was dealing with assignments of the tax sale certificates and not with certificates themselves.
In Hudson County Park Comm. v. Jacobson, 132 N.J.L. 287 (Sup. Ct. 1944), the court held as follows:
"The sole point argued by respondents is that under R.S. 54:5-52 the certificate of the tax sale is presumed to be valid, and no evidence to rebut such presumption may be admitted in any court after two years from the recording of the certificate unless same was procured by fraud. This statute does not apply to an assessment which was void ab initio. Its only purpose is, we think, to aid in the enforcement and collection of unpaid taxes and assessments validly made. It cannot give validity to a void assessment. This being an invalid assessment, there was no duty imposed by it on prosecutor to institute any proceeding to have it so declared. It treated the assessment as an illegal one and only found it necessary to challenge it when the foreclosure suit in Chancery was instituted. It then filed on answer setting up the illegality of the assessment. Chancery granted leave under R.S. 54:5-101 to apply for a writ of certiorari to determine the validity of the tax sale certificates and stayed the proceedings in that court for this purpose. We conclude that the property of prosecutor being exempt from tax as stated, the levy of this assessment was void and of no effect and there was no valid tax lien sale."
*108 Here the property was owned by the United States of America when the property was assessed for taxes for the years 1952, 1953 and 1954, and were by virtue of N.J.S.A. 54:4-35 exempt from taxation; therefore, the assessment was void and of no effect and, as above stated in Hudson County Park Comm. v. Jacobson, supra, there was no valid tax lien sale. It matters little that the assessor may not have received a copy of the abstract from the county clerk to put him on notice of the sale. The fact must control and not the acts based thereon.
Judge Haneman cited Hudson County Park Comm. v. Jacobson, supra, with approval in Nordell v. Mantua Tp., 45 N.J. Super. 253, 257 (Ch. Div. 1957). This case involved the reopening of a foreclosure judgment by the owner of a lot which had been assessed to him and to another person, with the other person having been made the party defendant in the foreclosure action and not the plaintiff, who had always paid the taxes assessed on the lot. He said, at page 258,
"Here it is self-evident that there exist no `unpaid taxes or other municipal lien' against the real estate. The municipality, therefore, was without power to make the sale, and it follows that the tax sale certificate was void."
The assessment herein being void, the tax sale held upon such an assessment is equally void.
Upon the matter of interest, the defendant contends it should not be required to pay interest on the refund; that it cannot so invest its funds to secure as much as 6%; that it would in effect make the municipality a guarantor of its actions; and at least it should not pay interest on that portion of the purchase price represented by the premium paid at the tax sale. The answer must be that the Legislature, in adopting R.S. 54:5-43, could have provided that the refund be made with no interest and must have considered the payment of interest in the nature of satisfaction for the commission of a wrong, because only in instances *109 where the sale can be set aside is the payment of interest required. As to the premium, the municipality has had the use of this money, being required only to keep a bookkeeping entry awaiting the possible redemption; the fact that the refund is only being made by reason of the error of assessment, no distinction should be made as to the purchase price paid at the tax sale because a premium was also paid. In other words, because the municipality caused the invalid tax sale to be held upon an improper assessment, it should be required to pay interest upon the total amount paid at the tax sale, even though a part of the price was premium. Interest should also be paid on the refund on all subsequent taxes paid after the tax sale.
Judgment will be entered accordingly with no costs.