GREEN SPRINGS ESTATES, INC., PLAINTIFF–RESPONDENT, v. BOARD OF EDUCATION OF THE TOWNSHIP OF SPRINGFIELD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 9, 1989—Decided June 2, 1989.

Before Judges DREIER, HAVEY and BROCHIN.

*Yale L. Greenspoon,* attorney for appellant (*Yale L. Greenspoon,* on the brief).

*Lasser, Hochman, Marcus, Guryan & Kuskin,* attorneys for respondent (*Richard L. Zucker,* of counsel; *Maryjane D. Cowell,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant Board of Education appeals from a decision of Judge Hunter in the Law Division awarding plaintiff interest earned on a $105,500 deposit given by plaintiff to defendant under a real estate contract. The contract had been declared void by this court, *see Springfield Tp. v. Bd. of Ed. of Springfield Tp.*, 217 *N.J.Super.* 570 (App.Div.1987), because defendant was attempting to sell school property in contravention of a use restriction, thus violating *N.J.S.A.* 18A:20–10. *Id.* at 579. We there directed that the parties be restored to the *status quo ante. Ibid.* As of January 25, 1988 the deposit had earned $38,753.81 in interest.[1]

This case squarely raises the issue of whether a purchaser has a legal right to interest earned on deposit moneys when the contract of sale has been declared void. Although the answer was alluded to in *Stewart v. Harris Structural Steel Co. Inc.*, 198 *N.J.Super.* 255, 272 (App.Div.1984), the Supreme Court thereafter in *Jacobs v. Great Pacific Century Corp.*, 104 *N.J.* 580, 582, 588 (1986), stated that it declined "to resolve the general question ... in the ordinary residential real estate transaction...." *Id.* at 588. There the Supreme Court left for counsel the duty to provide for the contingency of interest claims "in the preparation and execution of real estate contracts." *Ibid.*

The case before us is more akin to *Stewart*, which involved a void sale of corporate stock, than to *Jacobs*. In *Jacobs* the Court considered the right to interest on a deposit made under an agreement to purchase corporate stock and a proprietary lease for a cooperative apartment. As in *Stewart*, the contract

---

[1] We note that defendant's resolution adopted June 29, 1987, after our initial decision, provided that plaintiff was to receive the return of "all those moneys being held on deposit; *along with all appropriate interest,* within a reasonable time...." (Emphasis added). While the Board never amended this resolution, it contends that there is no "appropriate" interest to be returned.

before us was declared void, rather than failing by reason of noncompliance with a condition.

Subject, however, to a court's discretionary right to deny interest in the unusual case for good cause, the general rule to be applied in the setting of a void contract is that where the parties have not otherwise agreed, the interest earned on the returned deposit belongs to the putative purchaser. Where the contract is merely voidable, or is subject to a condition which is later breached or unsatisfied by one side or the other, the equities are more evenly balanced. There the Supreme Court's open-ended resolution of the issue in *Jacobs* must be followed, unless the Court establishes more definitive rules.

Affirmed.