281 N.J. Super. 124 (1995)
656 A.2d 872
BRINKLEY, MARY ANN, PLAINTIFF,
v.
WESTERN WORLD, INC., A NEW JERSEY CORPORATION, ARTHUR PASHOW, FIRST NATIONAL BANK OF CENTRAL JERSEY, BYRAM TOWNSHIP, BYRAM TOWNE ASSOCIATES, INC., A NEW JERSEY CORPORATION, THE MONEY STORE INVESTMENT CORP., A NEW JERSEY CORPORATION, STATE OF NEW JERSEY, DEFENDANTS. BRINKLEY, MARY ANN, PLAINTIFF,
v.
CHEYENNE CORP., A NEW JERSEY CORPORATION, FIRST NATIONAL BANK OF CENTRAL JERSEY, BYRAM TOWNE ASSOCIATES, INC., A NEW JERSEY CORPORATION, THE MONEY STORE INVESTMENT CORP., A NEW JERSEY CORPORATION, BYRAM TOWNSHIP, STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Sussex County.
Decided January 31, 1995.
*126 Michael Shapanka, for plaintiff.
Kevin Kelly, for defendant Township of Byram (Kelly, Gaus & Holub, attorneys).

Opinion
MacKENZIE, P.J.Ch.
This is an action for a judgment in foreclosure upon two tax sale certificates. The lots which are the subject of this foreclosure action are numbered Lots 5 and 17 on Block 365 in Byram Township [hereinafter, the Township]. In 1983 and again in 1985, the Township placed tax liens on these two lots for failure to pay real estate taxes. Defendants Western World and Cheyenne Corp., the owners of the property, disputed the assessment on the lots, arguing that the property should have received a farmland assessment.
The tax liens were sold by the Township to the plaintiff, Mary Ann Brinkley, in 1986. Defendants did attempt to enjoin the sale by filing an Order to Show Cause before the vicinage Assignment Judge, who ruled that there was no irreparable harm. No Order to Show Cause was entered.
In 1988, the New Jersey Supreme Court ultimately ruled that Lots 5 and 17 were entitled to farmland assessment for 1983. *127 Byram Township v. Western World, 111 N.J. 222, 544 A.2d 37 (1988). In 1993, the Appellate Division ruled that Lot 5, but not Lot 17, was entitled to farmland assessment for 1985. Cheyenne Corp. v. Township of Byram, 14 N.J. Tax 167 (App.Div. 1993).
Subsequent to these rulings, the Township tax collector credited overpayments of tax from previous years to 1983 and 1985 pursuant to N.J.S.A. 54:4-134. As a result, there were no unpaid taxes against Lots 5 and 17 for 1983 nor any against Lot 5 for 1985. It was later determined that defendants did not owe taxes on Lot 17 for 1985. Apparently, there was an overpayment of taxes on Lot 17 for the years 1983 and 1984 which has been applied by the Tax Collector against the 1985 assessed tax.
For reasons set forth in Brinkley v. Western World, Inc., 275 N.J. Super. 605, 646 A.2d 1136 (Ch.Div. 1994), this court denied plaintiff's motion for summary judgment and set aside the tax sale certificates. Almost a year later, plaintiff motioned the court for reconsideration, and the Township cross-motioned for an Order requiring plaintiff to assign the tax sale certificates to the Township. After oral argument on December 16, 1994, the court denied plaintiff's motion for reconsideration but invited further submissions from counsel for the plaintiff and the Township on the issue of the rate of interest which plaintiff should receive upon refund of the monies paid at the tax sale. The court now denies as unnecessary plaintiff's requests for further oral argument and grants the Township's cross-motion to compel assignment of the tax sale certificates.
On the issue of interest, the Township argues in favor of the post-judgment interest rate. The Township cites no law in favor of this proposition. Rather, its counsel contacted the attorney who represented the plaintiff in Tontodonati v. City of Paterson, 229 N.J. Super. 475, 551 A.2d 1046 (App.Div. 1989). The attorney for the plaintiff in Tontodonati indicated that his client agreed to accept interest calculated at the post-judgment interest rate. Counsel's agreement is immaterial to this court.
*128 Plaintiff seeks an eighteen percent rate of interest. Plaintiff proffers several arguments in favor of this position. Plaintiff contends that the Township Tax Collector knew that the tax sale certificates purchased by plaintiff were involved in a pending appeal which could call their validity into question. Yet the tax collector never disclosed the pendency of the appeal to plaintiff. Plaintiff analogizes to the case of Simon v. Oldmans Twp., 203 N.J. Super. 365, 376, 497 A.2d 204 (Ch.Div. 1985), in which tax certificates were sold on property subject to a Spill Act claim. In Simon, the township officials represented that they had no knowledge of any environmental problems on the property. The court therein stated that if such representations were established, it would rescind the tax sale and return the parties to the status quo ante. Plaintiff herein argues that to restore her to the status quo ante, this court would have to provide her with an opportunity to select from all the other 1986 tax certificates which the Township had available at the time, certificates upon which she would have earned an eighteen percent yield. Thus, plaintiff argues that an award of eighteen percent interest is required to restore her to the status quo ante.
Plaintiff also attempts to distinguish the Tontodonati case, in which the Appellate Division held that the purchaser of a tax sale certificate which is later set aside is not entitled to eighteen percent interest upon refund. Plaintiff argues that unlike this case, Tontodonati involved no allegations of fraudulent or wrongful conduct by the taxing municipality.
Plaintiff also asserts an implied warranty argument. Plaintiff argues that by setting aside the certificates, the court has rendered the tax sale wholly ineffectual. Plaintiff further argues that the certificates themselves were the merchandise sold at the tax sale. Kahn Pension Plan v. Moorestown Twp., 243 N.J. Super. 328, 340, 579 A.2d 366 (Ch.Div. 1990). By analogy to Article 2 of the Uniform Commercial Code [hereinafter, the UCC], plaintiff reasons that the tax sale certificate should have been reasonably fit for the general purpose for which it was sold. See N.J.S.A. *129 12A:2-314. Plaintiff suggests that the purpose for which a tax sale certificate is sold is its rate of interest. Again analogizing to the UCC, plaintiff argues that for a breach of warranty, she is entitled to her full expectation damages, i.e, eighteen percent interest.
As an initial matter, it is important to note that this case does not involve the "redemption" of a tax sale certificate. Plaintiff states in her brief that "she is entitled to redemption of Tax Sale Certificates # 86-28 and # 86-27 at a minimum amount [sic] 18% interest per annum." (Emphasis added.) Redemption occurs only when the property owner pays the delinquent taxes on the property. Because municipalities are permitted to charge up to eighteen percent interest on delinquent taxes pursuant to N.J.S.A. 54:4-67, tax sale certificates require the property owner to pay eighteen percent to the certificate holder to redeem. When the redeeming property owner pays the municipality directly, an assignee or a purchaser at sale may recover from the municipality the amount the property owner paid to redeem the certificate.[1]Dvorkin v. Dover Twp., 29 N.J. 303, 317, 148 A.2d 793 (1959). The amount paid by the property owner to redeem, of course, would include eighteen percent interest on the delinquent taxes. However, this is not a case of redemption.
Rather, this is a case in which the tax sale certificates were set aside. According to the stated rule, the amount due to a plaintiff when a tax sale certificate is set aside is the purchase price plus "lawful interest." N.J.S.A. 54:5-43; Tontodonati, supra, 229 N.J. Super. at 480, 551 A.2d 1046. When, as here, a statute fails to stipulate a definite rate of interest, a court of equity is authorized to fix a reasonable rate in light of the circumstances. United States v. American Metal Co., 86 F. Supp. 533 (D.N.J. 1949). In the absence of clearly controlling precedent, *130 equity requires only that a court set a rate in accordance with considerations of justice and fair dealing. Grober v. Kahn, 88 N.J. Super. 343, 350, 212 A.2d 384 (App.Div. 1965), rev'd on other grounds, 47 N.J. 135, 219 A.2d 601 (1966); Zuhlcke v. Zuhlcke, 136 N.J. Super. 266, 269-70, 345 A.2d 806 (Ch.Div. 1975).
One can only assume that the "lawful interest" for which the statute provides is interest at the legal rate. In fact, in dicta articulated in the case of Echelon Glen Coop., Inc. v. Voorhees Twp., 275 N.J. Super. 441, 450, 646 A.2d 498 (App.Div. 1994), the Appellate Division interpreted the Tontodonati case as requiring an award of the "legal rate of interest."
The "legal rate of interest" is commonly associated with the post-judgment rate of interest. Dan B. Dobbs, Remedies: Damages  Equity  Restitution § 3.5 (1973). As Dobbs explains:
A very different kind of interest is that interest which accrues on a final judgment or decree. This is ordinarily provided for by statute, and it usually accrues from the time the judgment is entered. The rate of such interest is ordinarily the statutory or "legal" rate of interest ...
Moreover, New Jersey decisional authority indirectly supports the proposition that lawful interest should be calculated at the post-judgment rate of interest. Consider that West's New Jersey Digest 2d is replete with cases which apply interest at a rate of six percent. See, e.g., Woodcliff Mgmt. v. North Bergen Twp., 106 N.J. Super. 292, 255 A.2d 776 (App.Div. 1969) and American Metal Co. v. Fluid Chem. Co., 121 N.J. Super. 177, 296 A.2d 348 (Law Div. 1972). Certain cases even go so far as to say that six percent is the legal rate of interest. Kleinert v. De Chiaro, 44 N.J. Super. 365, 369, 130 A.2d 637 (App.Div. 1957) ("True, 6% is the legal rate of interest and the one consistently allowed at law  at least in the absence of a contrary understanding between the parties.") Significantly, however, all these cases were decided prior to 1975.
The importance of the timing of these decisions may be explained by an example. In Pioneer Gun Club v. Bass River Twp., 61 N.J. Super. 104, 108, 160 A.2d 183 (Ch.Div. 1960), the court ruled that when a tax sale certificate is set aside, the purchaser is entitled to a return of his money together with six percent *131 interest. In 1960, at the time Pioneer Gun Club was decided, six percent was the rate of post-judgment interest. R. 4:42-11, comment 1. In fact, the original version of R. 4:42-11 adopted in 1972 merely formalized the long-standing practice of allowing a maximum of six percent annual interest on monetary award judgments. Ibid.; see also Cohrs v. Igoe Bros., Inc., 71 N.J. Super. 435, 448, 177 A.2d 284 (App.Div. 1962) (explaining back in 1952 that judgments bear interest at a rate of six percent as a matter of usage, not statute). Thus, the court in Pioneer Gun Club selected six percent as the lawful rate of interest because it was the post-judgment rate of interest.
Of course, the rate of six percent is significant in the eyes of the law not only because, at one time, it was the rate of interest on judgments. Under New Jersey's usury statute, six percent remains the maximum interest rate allowable on loans of money, wares, merchandise, goods and chattels, in the absence of a contract provision to the contrary. N.J.S.A. 31:1-1. This case, of course, does not concern a loan of any kind. Thus, the rate of interest prescribed in N.J.S.A. 31:1-1 does not apply.
It is this court's determination that plaintiff is not entitled to eighteen percent interest. The Tontodonati case specifically denied that assertion. Plaintiff suggests that the Appellate Division's reasoning in Tontodonati is somehow flawed. However, until such time as it is overruled by the Supreme Court, the case is binding precedent on this court. In any event, the court disagrees with and rejects plaintiff's argument that the Tontodonati decision is misguided. If a tax sale certificate is set aside as void ab initio, as it was here, it is very likely because the taxing municipality made some type of clerical error or an error in interpreting the tax laws. When such an error occurs, one frequently finds that no taxes were ever due and owing on the property in question, and that the municipality had no attendant authority to sell a tax sale certificate thereon. If there were never any delinquent taxes on the property, then neither the municipality nor the purchaser of the certificate would be entitled to collect *132 eighteen percent interest. Thus, it would be counter-intuitive to award the purchaser eighteen percent on the refund.
In this case, the tax sale certificates purchased by the plaintiff have been set aside. A tax sale certificate is a conveyance of land subject to redemption, and it is also an assignment of the tax lien. City of Newark v. Lodato, 137 N.J. Eq. 471, 474 (Ch. 1947). Thus, when the court set aside the tax sale certificates herein, it was very much as if the court had voided a contract for the sale of real property. When a contract for the sale of real property is voided by a court, resulting in the return of deposit monies, the depositor is entitled to interest thereon. Green Springs Estates, Inc. v. Board of Educ. of Township of Springfield, 233 N.J. Super. 386, 387, 558 A.2d 1369 (App.Div. 1989). The rationale is the same with regard to the refund of the purchase price of a tax sale certificate. The interest to be awarded is for the use and/or detention of the purchaser's money. This conclusion is in keeping with the basic reasons behind awards of interest. Consolidated Police and Firemen's Pension Fund Comm'n v. City of Passaic, 23 N.J. 645, 652, 130 A.2d 377 (1957) (quoting Hiatt v. Brown, 15 Wall. 177, 21 L.Ed. 128 (1873)) (stating that interest is awarded for "the use or forbearance of money, or as damages for its detention").
Therefore, this court now invokes its equitable powers to award plaintiff interest at the post-judgment rate articulated at R. 4:42-11(a). The current rate of interest under the rule is three and one-half percent. Because the apparent purpose of an award of interest under N.J.S.A. 54:5-43 is to compensate the purchaser of a tax sale certificate for the loss of use of her money, interest should be calculated from the date of the sale, in this case, 1986.
As for plaintiff's arguments that she is entitled to a greater rate of interest because of a breach of the implied warranty or a violation of the Consumer Fraud Act, plaintiff has neither pleaded nor proven such claims.
*133 Interest is to be calculated at the rate of three and one-half percent. Counsel will agree upon the calculation of the amount owed to plaintiff. Mr. Kelly will submit a form of judgment under the "five-day" rule.
NOTES
[1] A purchaser or assignee is also entitled to receive any amount in excess of the tax arrearages that he or she paid to acquire the certificate from the municipality. Dvorkin v. Dover Twp., 29 N.J. 303, 317, 148 A.2d 793 (1959).