292 N.J. Super. 134 (1996)
678 A.2d 330
MARY ANN BRINKLEY, PLAINTIFF-APPELLANT,
v.
WESTERN WORLD INCORPORATED, A NEW JERSEY CORPORATION, BYRAM TOWNE ASSOCIATES, INC., A NEW JERSEY CORPORATION, AND BYRAM TOWNSHIP, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS, AND ARTHUR PASCHOW, FIRST NATIONAL BANK OF CENTRAL JERSEY, THE MONEY STORE INVESTMENT CORPORATION, STATE OF NEW JERSEY, DEFENDANTS. MARY ANN BRINKLEY, PLAINTIFF-APPELLANT,
v.
CHEYENNE CORP., A NEW JERSEY CORPORATION, BYRAM TOWNE ASSOCIATES, INC., A NEW JERSEY CORPORATION, AND BYRAM TOWNSHIP, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS, AND FIRST NATIONAL BANK OF CENTRAL JERSEY, THE MONEY STORE INVESTMENT CORPORATION, AND STATE OF NEW JERSEY, DEFENDANTS. MARY ANN BRINKLEY, PLAINTIFF-RESPONDENT,
v.
BYRAM TOWNSHIP, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1996.
Decided July 15, 1996.
*135 Before Judges A.M. STEIN, KESTIN and CUFF.
Michael Shapanka and Michael Pellegrino argued the cause for appellant and respondent Mary Ann Brinkley (Mr. Pellegrino, of counsel; Mr. Shapanka on the brief).
Richard M. Conley argued the cause for respondents Western World, Inc. and Cheyenne Corporation (Conley & Haushalter, attorneys; Mr. Conley on the brief).
Jay Hamill argued the cause for respondent Byram Towne Associates, Inc. (Keane, Brady & Burns, attorneys; Michael A. Cifelli on the brief).
Kevin D. Kelly argued the cause for respondent and appellant Byram Township (Kelly, Gaus & Holub, attorneys; Mr. Kelly on the brief).
Stickel, Koenig & Sullivan, attorneys for amici curiae New Jersey State League of Municipalities and New Jersey Institute of Municipal Attorneys (John C. Gillespie, of counsel and on the brief).
*136 No other parties participated in this appeal.
The opinion of the court was delivered by CUFF, J.A.D.
In these consolidated appeals, plaintiff Mary Ann Brinkley argues that a taxpayer's successful prosecution of a tax appeal, which resulted in the entry of an order that no taxes were due on the underlying property, should not be cause to invalidate the tax sale certificates acquired by her. Alternatively, plaintiff argues that her money should be repaid by the defendant Byram Township at the 18% interest rate stated on the certificates.
In a decision reported at 275 N.J. Super. 605, 646 A.2d 1136 (Ch.Div. 1994), Judge MacKenzie rejected plaintiff's attempt to foreclose on two tax sale certificates. He reasoned that when there are no unpaid taxes against the property, any lien and/or tax sale certificate must be considered void ab initio. We affirm the February 23, 1994 order invalidating the tax sale certificate on Lot 5, and a portion of the tax sale certificate on Lot 17 for 1983 for the reasons expressed by Judge MacKenzie.
Subsequently, it was determined that no taxes were due on Lot 17 for 1985. Almost a year later, plaintiff moved for reconsideration and defendant Byram Township requested an order requiring plaintiff to assign the tax sale certificates to it. Plaintiff sought payment of interest at the 18% interest rate provided by the tax sale certificates; the Township argued that the post-judgment interest rate provided by R. 4:42-11(a) governed. In a decision reported at 281 N.J. Super. 124, 656 A.2d 872 (Ch.Div. 1995), Judge MacKenzie rejected the 18% certificate rate. Id. at 131-32, 656 A.2d 872. Rather, he concluded that, when a tax sale certificate is set aside, the amount due to the plaintiff is the purchase price plus lawful interest calculated according to the post-judgment rate of interest, R. 4:42-11(a). Id. at 132, 656 A.2d 872. Judge MacKenzie noted that the rate of interest under the rule in 1995 was 3.5%. He also concluded that plaintiff was entitled to interest from *137 the date of the sale of the certificates in 1986. The judgment entered on March 21, 1995, requires the Township to pay plaintiff $64,248.14, which represents the purchase price of the certificates and simple interest from the date of the sale at the rate of 3.5%.
On appeal, plaintiff argues that lawful interest is the rate stated on the tax sale certificate. The Township argues that the post-judgment interest rate set forth in R. 4:42-11(a) is appropriate. Amici curiae, New Jersey State League of Municipalities and New Jersey Institute of Municipal Attorneys, argue that no interest is due, or that the post-judgment rate or the 5% rate taxpayers receive on a refund is appropriate.
We concur with Judge MacKenzie's well-reasoned discussion of the appropriate interest rate to be paid in this situation and affirm the application of the post-judgment interest rate. We find no reason, however, in law or equity to avoid the full application of R. 4:42-11(a) and to set a fixed rate dependent on the year in which the matter concludes, rather than calculate interest according to the rate applicable for each year from the purchase of the certificates until repayment of the purchase price by the Township. In this case, the Township received the benefit of a uniform interest rate since the 3.5% interest rate was at its lowest rate since 1986. On the other hand, plaintiff received a significantly lower rate simply because the matter concluded in 1995 rather than 1993 or 1996.[1] We are mindful of amici curiae's argument that the assessment of interest against a municipality requires particular circumspection. It is precisely for that reason that a municipality should be able to obtain the full benefit of the postjudgment interest rule which sets interest annually according to market rates.
Thus, while we agree that the post-judgment interest rate is the appropriate rate and that plaintiff is entitled to interest from the date of the sale, we conclude that the interest should be calculated for each year in accordance with the applicable interest *138 rate for each year as established by R. 4:42-11(a). As modified, the judgment is affirmed. We remand for the calculation of interest in accordance with this opinion.
Finally, the Township has filed an appeal from the denial of attorney's fees pursuant to N.J.S.A. 2A:15-59.1, associated with plaintiff's motion to file a late notice of claim under the Tort Claims Act against the Township. Judge Hanifan concluded that plaintiff proceeded with her attempt to file a notice of claim on the belief that there was a reasonable basis in law. He also noted that plaintiff withdrew her motion once she received the Township's responsive papers. We affirm the June 23, 1995 order denying the Township's application for attorney's fees substantially for the reasons expressed in Judge Hanifan's oral opinion of the same date.
Affirmed and modified. The March 21, 1995 judgment is remanded for the calculation of interest in accordance with this opinion.
NOTES
[1] In 1993 and 1996, the post-judgment interest rate for those years is 5.5%.