NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

_____

|  |  |  |
|---|---|---|
| | : | |
| YESHIVA SHVILAY HATALMUD INC., | : | DOCKET NO: 011703-2018 |
| | : | 009095-2019 |
| | : | 008116-2020 |
| | : | 009716-2021 |
| | : | 007717-2022 |
| | : | 007524-2023 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TOWNSHIP OF LAKEWOOD, | : | |
| | : | |
| Defendant. | : | CIVIL ACTION |
| | : | |

_____

Decided October 16, 2025.

Michael J. Caccavelli and Grace Chun for plaintiff (Pearlman & Miranda, LLC, attorneys).

Salvatore Alfieri for defendant (Cleary Giacobbe Alfieri Jacobs LLC, attorneys)

CIMINO, J.T.C.

Yeshiva Shvilay Hatalmud (Yeshiva) is the owner of a property designated as Lot 5.01 of Block 40 of the tax maps of the Township of Lakewood. Starting in 2018, Yeshiva asserted tax exempt status for the property. The assessor denied the exemption and Yeshiva filed a tax court complaint for 2018. Yeshiva filed subsequent complaints for 2019 through 2023. Eventually, Yeshiva and Lakewood

1

resolved the matters with Yeshiva receiving the tax exemption. The court entered judgments confirming the exemption.

When Yeshiva did not pay taxes for 2022, Lakewood sold a tax sale certificate on October 12, 2023. The current amount to redeem the certificate is in excess of $69,000 and includes taxes, interest and penalties for 2022 through part of 2024.

The tax collector wants to use a portion of the refund owing to Yeshiva to satisfy the tax sale certificate. Yeshiva wants the court to set aside the certificate. The municipality can then refund the certificate purchaser per N.J.S.A. 54:5-43. Yeshiva also wants a refund of the amount paid towards its 2018 through 2021 tax obligations.

After several adjournments requested by the parties, the court duly noticed the hearing of the motion. Lakewood did not file opposition, nor request a further adjournment. Upon review, the court needed additional information. The court ordered Yeshiva to specify what payments it made, year by year. Yeshiva indicated that it paid a total of $110,518.78 in taxes, interest and penalties for the tax years 2018 through 2021. Yeshiva submitted a worksheet prepared by Lakewood that confirms this amount.[1] Lakewood did not dispute Yeshiva's submission. The court

---

[1] A review of the certification and the worksheet leaves a question of who paid the taxes for the third and fourth quarters of 2021 and how much was paid.

ordered the certificate holder to show cause as to why the court should not grant the relief sought by Yeshiva. The certificate holder has not filed anything.

In Brinkley v. Western World Inc., 275 N.J. Super. 605 (Law Div. 1994), aff'd, 292 N.J. Super. 134 (App. Div. 1996), it was ultimately determined that various parcels were eligible for farmland assessment, which is less than regular assessment. Id. at 607-608. See generally N.J.S.A. 54:4-23.2 (value as agricultural use). The taxpayer paid sufficient taxes to cover what it owed if the municipality had assessed the parcels as farmland from the onset.[2] Id. at 608. The municipality had already sold tax sale certificates for the parcels since the amounts paid were insufficient to cover the taxes at the regular assessments. Id. at 607-608. However, "when there are no unpaid taxes against the property, any lien and/or tax sale certificate must be considered void ab initio." Brinkley, 292 N.J. Super. at 136. The court set aside and voided the tax sale certificates. Ibid.

Historically, in Hudson County Park Comm'n v. Jacobson, 132 N.J.L. 287 (Sup. Ct. 1944), the municipality sold a tax sale certificate for property owned by a public entity. Id. at 288. Since the public entity is tax-exempt pursuant to N.J.S.A. 54:4-3.3, the court ruled that enforcement of the lien arising from the certificate sale

---

[2]    In a subsequent opinion, the court confirmed the taxpayer owed no taxes. Brinkley, 281 N.J. Super. 124, 127 (Law Div. 1995), aff'd as modified, 292 N.J. Super. 134 (App. Div. 1996).

3

would give validity to a void assessment.  Ibid.  The Court found that the levy of this assessment was void and of no effect and there was no valid tax sale.  Id. at 289.

Later, in Pioneer Gun Club v. Township of Bass River, 61 N.J. Super. 104 (Law Div. 1960), a municipality sold tax sale certificates for a property owned by the United States government which was exempt from taxation pursuant to N.J.S.A. 54:4-35.  Id. at 108.  The court found the tax assessment was void and of no effect.  Ibid.  It followed that the municipality was without the power to make the sale, and the tax sale certificate was likewise void.  Ibid.

In Simon v. Chicago Title Ins. Co., 363 N.J. Super. 582 (App. Div. 2003), a municipality sold a tax certificate for purported delinquent taxes on a tax-exempt property.  Id. at 587.  The court indicated that "[t]he assessment herein being void, the tax sale held upon such an assessment is equally void."  Id. at 587 (quoting Pioneer Gun Club, 61 N.J. Super. at 108).

The tax collector wants to apply a portion of the refund owing to Yeshiva towards redemption of the certificate.  This would be the correct result if the certificate was not void ab initio.  See DSC of Newark v. Borough of South Plainfield, 25 N.J. Tax 120, 136-37 (Tax 2009) (allowing such an offset).  There is a "distinction between illegal or 'invalid' assessments, on the one hand, and 'overassessments,' on the other."  Simon v. Township of Voorhees, 289 N.J. Super. 116, 122 (App. Div. 1996).

4

The assessment here is not an overassessment, it is an invalid assessment. The tax sale certificate is void ab initio. The tax collector cannot apply the 2018 through 2021 refund proceeds to the certificate.[3] The court needs to place Yeshiva in the position it would have occupied had Lakewood put the exemption in place back in 2018. To further this goal, the tax collector will refund Yeshiva the $110,518.78 in payments it made for the tax years 2018 through 2021.[4]

As to the tax sale certificate, Yeshiva does not seek, nor has, any claim for taxes paid by the third-party certificate purchaser. Allowing an invalid certificate to stand would give practical validity to an invalid assessment. Taxation is a practical matter. In re Lichtenstein, 52 N.J. 553, 569 (1968). Since the assessment is invalid, the tax sale certificate is void ab initio, and thereby invalid and set aside. "If the tax certificate or lien is invalid or set aside, the certificate of sale may be assigned to the municipality and the municipality may then refund to the purchaser." Brinkley, 275 N.J. Super. at 611. See also N.J.S.A. 54:5-43, Simon, 363 N.J. Super. 587. Lakewood will reach out to the certificate purchaser to effectuate assignment of the

---

[3]    Parenthetically, the practical concern of applying the refund proceeds to the certificate is that the certificate purchaser paid the taxes going forward. The law entitles the purchaser to interest at the rate the municipality charges for delinquent taxes, usually 18%. N.J.S.A. 54:5-60, 4-67. The $69,000 currently owed on the certificate includes such interest.

[4]  It is unclear who, if anybody, paid the taxes for the third and fourth quarters of 2021. If Yeshiva paid the taxes, the parties will calculate and submit the additional refund amount per R. 8:9-4 if they cannot resolve this issue amongst themselves.

certificate. Lakewood and the purchaser should be able to resolve the refund issue amongst themselves.