INHABITANTS OF THE TOWNSHIP OF WOODBRIDGE,. IN
THE COUNTY OF MIDDLESEX, AND BENJAMIN M.
CLARK, PLAINTIFFS IN ERROR, v. JOSEPH E. ALLEN,
DEFENDANT IN ERROR.

1. A writ of *certiorari*, when prosecuted in aid of an action of ejectment
pursuant to section 15 of the act relative to sales under a public statute
(*Rev., p.* 1045,) partakes of the nature of the action to which it is auxil-
iary, and brings up for review only such defects as prior to the statute
were available in an action of ejectment.

2. The owner of the title depending on the proceedings which are under
view in the *certiorari* is made a party to the writ, that he may be heard
in a suit affecting his interests and be concluded by the record.

3. Where the sale of lands for taxes is required to be made by the town-
ship committee of a township, and the proceedings for the sale are
made a township record, the writ of *certiorari* is properly directed to
the township in its corporate name.

4. The fourteenth and fifteenth sections of the act relative to sales under
a public statute, &c., (*Rev., p.* 1045,) merely substitute the recitals in the
deed in the place of the extrinsic evidence necessary to validate a deed
made by an officer in virtue of some judicial authority.  If the facts
necessary to support the title do not appear in the recitals, they must
be proved *aliunde* in the same manner as before the act was passed.

5. The fifteenth section makes the recitals in a deed, declaration of sale
or conveyance made by public or municipal authority *prima facie* evi-
dence of the truth of the facts recited, wheresoever such proof is ma-
terial or necessary, provided the deed, declaration of sale or convey-
ance has been duly acknowledged or proved.

6. By the same section the deed, declaration of sale or conveyance is
made the evidence of title in ejectment or any other action where the
title is directly in issue.  The proceedings on which the deed is
founded can only be called in question by *certiorari*.

7. In ejectment or any other action in which such a title is involved, if
the deed, declaration of sale or conveyance is proper in form, and pur-

ports to have been made pursuant to a public or municipal authority competent to order or make a sale of lands for that purpose generally, and the deed, declaration of sale or conveyance has been executed with proper formalities, it is conclusive evidence of the title it purports to convey.

8. On *certiorari* brought in aid of an ejectment, to review the proceedings on which a tax title is founded, the recitals in the certificate of sale are *prima facie* evidence of the facts recited.

9. The fifteenth section of the act relative to sales does not affect the title derived by virtue of the deed; it only changes the rule of evidence as to the manner of proving the facts required to constitute a valid sale. Consequently, on the hearing of a *certiorari* brought to review the proceedings on which a tax title is founded, the common law rule applies that one who claims title under a tax sale, must show, affirmatively, that the tax was duly assessed, and was a lien on the lands, and that the successive steps which led to the sale were regularly taken. Such facts, if they do not appear by the proceedings returned with the writ, must be shown by the recitals in the certificate of sale or by proof *aliunde*.

10. The power to sell lands for taxes is a naked power, and the validity of the title derived from such a sale depends upon a strict compliance with the directions of the statute. The *onus probandi* is upon the purchaser at such a sale, and he must show affirmatively that everything has been done which the statute makes essential to the due execution of the power.

11. Where the statute gives the power to sell to a particular officer, as, for instance, the chairman of the township committee, it must appear that the sale was in fact made by him, and at the time and place at which the sale was advertised to be made.

On error to the Supreme Court.

For opinion of Supreme Court, see 13 *Vroom*, *p.* 401.

For the plaintiffs in error, *Leslie Lupton*.

For the defendant in error, *B. C. Vail*.

The opinion of the court was delivered by

DEPUE, J. The proceedings for the collection of these taxes were had under a special act to facilitate the collection of taxes in the township of Woodbridge. *Pamph. L.* 1873, *p.* 758.

The writ was directed to "The Inhabitants of the township of Woodbridge, in the county of Middlesex," which is the corporate name of the township, and also to Benjamin M. Clark, the owner of the lands purchased at a sale for taxes assessed upon them. The writ of *certiorari* was sued out and is prosecuted in aid of an action of ejectment, pursuant to section 15 of the act relative to the sales of land (*Rev., p.* 1045); and its purpose is to obtain the vacation of the proceedings by which the lands in controversy in the ejectment suit were sold for taxes.

The taxes were assessed against one Edgar. Allen, the prosecutor of the writ, subsequently succeeded to Edgar's title in the lands sold for the taxes. Clark, who is named as a co-defendant in the writ, is the owner of the tax title. He has been made a party to the suit because his title is involved, that he may be heard in the suit affecting his interests and be concluded by the record. *State, Alden, pros.,* v. *Newark,* 11 *Vroom* 92. It will be perceived that both the prosecutor and the real defendant are interested in the proceedings for assessing and collecting these taxes, only so far as they affect the title to the lands in controversy in the ejectment suit.

By the act under which these proceedings were had, the entire proceeding for the sale of lands of delinquent tax-payers is entrusted to the township committee. The township collector is required to make return of the taxes assessed on lands and unpaid, to the township committee, who are required to cause his return to be recorded in the clerk's office of the township. The township committee is empowered to enforce the collection of the taxes by directing the sale of lands; the sale is to be made by the chairman of the township committee; the township committee is to execute the certificate of sale, and to execute and deliver the deed to the purchaser if the property be not redeemed within the term prescribed.

The members of the township committee are the executive officers of the township, to whom the management of its affairs is entrusted; and the record of their proceedings for

the sale of lands for taxes is a township record. The writ was directed to the township in its corporate name, and the return to it was signed by the town clerk. We think the writ was properly directed, and no objection can be made to the mode in which it was returned, counsel having agreed on a state of the case after the return was made.

The writ of *certiorari*, when prosecuted in aid of an action of ejectment, partakes of the nature of the action to which it is auxiliary, and brings up for review only such defects as, prior to the statute, were available in an action of ejectment. *State, Baxter, pros.*, v. *Jersey City*, 7 *Vroom* 188.

In an action involving a tax title, resort to a writ of *certiorari* in aid of the action of ejectment is made necessary by section fifteen of the act relative to the sale of lands under a public statute, or by virtue of any judicial proceeding. *Rev., p.* 1045. By the fourteenth section of that act, the recitals in the deed or conveyance of land by a sheriff or other officer, or by auditors, in pursuance of any decree, judgment, execution or order of the court, if duly acknowledged or approved, are made *prima facie* evidence of the truth of the facts therein recited. This section simply substitutes the recitals in the deed in the place of the extrinsic evidence necessary to validate a deed made by an officer in virtue of some judicial authority. If the facts necessary to support the title do not appear in the recitals, they must be proved *aliunde* in the same manner as before the act was passed. Independent of this statute, the recitals in a deed or conveyance made by an officer with respect to the mode in which the sale was conducted, such as advertising the sale, its adjournments and the like, are sufficient proof of compliance with the directions of the statute. *Den* v. *Philhower*, 4 *Zab.* 796. The provisions of the fourteenth section are, by section 15, made applicable to deeds, declarations of sale and conveyances of land by public or municipal authorities. The recitals in the deeds, declaration of sale or conveyance are made *prima facie* evidence of the facts recited. But the fifteenth section goes a great deal further. It also enacts that the proceedings upon which such deeds, declarations of sale and conveyances are

founded shall not be subject to be questioned collaterally, but may be at any time reviewed by *certiorari* or other proper proceeding in the Supreme or Circuit Courts.

By force of the fifteenth section, the recitals in deeds, declarations of sale and conveyances made by, or by authority of, any public or municipal authority authorized or empowered by any law of the state to make and execute, or to direct or procure the making and execution of any deed, declaration of sale or conveyance, are *prima facie* evidence of the facts recited, wheresoever such proof becomes material or necessary, provided such deed, declaration of sale or conveyance has been duly acknowledged or proved. But in an action of ejectment, or any other action in which the title is in issue, the proceedings on which the deed, declaration of sale or conveyance is founded are not subject to be questioned, and the deed, declaration of sale or conveyance is made the evidence of the title. If the deed, declaration of sale or conveyance is proper in form, and purports to have been made pursuant to a public or municipal authority competent to order or make a sale of lands for that purpose generally, and the deed, declaration of sale or conveyance has been executed with proper formalities, it is conclusive evidence, in such an action, of the title it purports to convey. This, I think, is clearly the legal construction of this section, and it is a construction promotive of the policy which induced this legislation. It was found, in practice, difficult to sustain tax titles, by reason of the technical rules by which such titles were tried; and if the title was set aside in ejectment, the result involved a loss to the public of the tax for which the property was sold. The legislature, therefore, provided a remedy for illegalities and informalities in the proceedings on which the sale was founded, by *certiorari*, a proceeding on which the sale, if irregular or illegal, may be set aside, and proper steps be taken for the collection of the tax, if it was legally laid. On the hearing of the *certiorari*, the common law rule applies that one who claims title under a tax sale takes upon himself to show, affirmatively, that the tax was duly assessed and was a lien on

the lands, and that the successive steps which led to the sale were regularly taken.

Under the act of 1873, providing for the collection of taxes in the township of Woodbridge, above referred to, the proceedings necessary for a valid sale of lands for taxes are, in general terms, an assessment of the tax, with such a description of the land with respect to which it was laid as will be sufficient to ascertain the extent and location thereof, (*Rev., p.* 1163, § 114); a return by the collector, verified by his affidavit that the taxes assessed on the said lands are unpaid and have by him been returned as delinquent; the recording of the return in the clerk's office of the township, and the posting of a copy thereof; an order of the township committee directing the sale to be made; a public advertisement of the sale, specifying the time and place thereof; a sale by the chairman of the town committee, who shall, at the hour named in the notice, proceed to sell at public vendue to the person who will take the premises for the shortest time, and pay the tax and costs of advertising and selling. Immediately after the sale, the town committee is required to execute and deliver to the purchaser a certificate of sale; and at the expiration of two years from the time of sale, if the owner shall not redeem the lands, the township committee is required to execute to the holder of the certificate a lease, by which the leasehold to such lands shall pass irrevocable until the same shall expire.

The writ of *certiorari* called for a return of the assessment of taxes, the transcript of unpaid taxes, the advertisements, certificate of sale and lease, and all the proceedings upon which the said certificate of sale and lease were founded. The return contains a transcript of all the advertisements called for, and also what purports to be the proceedings of the town committee on the subject. Inasmuch as the writ called for all the documents and proceedings, we must, in the absence of additional evidence, take the return to contain a full statement of all the proceedings that were had. The co-defendant, who is the owner of the tax title, and to whom the writ was also directed, had it in his power to supply any omissions in

the return, either in the record or in the proceedings of the town committee; and, except as to such matters as are specially required to be made a matter of record, the proceedings of the committee in making the sale might have been proved by parol evidence. *State* v. *Bentley*, 3 *Zab.* 532; *State* v. *Trenton*, 7 *Vroom* 499.

It does not appear by the return, either in the certificate of sale, the lease, or in the proceedings of the town committee, that a copy of the collector's return of unpaid taxes was posted as directed by the act, or that the required notice of the sale was given. These omissions were disregarded by the Supreme Court, no reasons having been filed covering such objections.

The return contains a copy of the collector's return of delinquents, verified by his affidavit, in which Edgar's name appears as among the delinquents, with a statement of the amount of his tax, and a sufficient description of the land with respect to which the tax was assessed. Then follow extracts from the minutes of the township committee, as follows:

"At the meeting of the township committee of said township, held April 12th, 1875, the following appears on the minutes: 'The collector's return of delinquent real estate taxes was received, and a motion passed that the township clerk be requested to post the notices required by law.'

"At a meeting of the township committee of said township, held May 17th, 1875, the following appears on the minutes: 'Moved and seconded that the property of delinquent tax-payers be sold on Monday, July 12th, 1875, at two o'clock P. M. Carried.'

"At a meeting of the said township committee, held July 12th, 1875, the following appears on the minutes: 'The committee proceeded to dispose of delinquent taxes, as per printed list presented by the collector. The property of Yoken and Van Arsdale was sold. * * * The sale of all other property for taxes was adjourned to August 9th, 1875.'

"At a meeting of said township committee, held on Aug.

9th, 1875, the following appears on the minutes, viz. : ' The sale of land for delinquent taxes was then taken up.' The following is from the list of property sold :

| " Owner. | Amount. | Buyer. | Time. |
|---|---|---|---|
| Edgar, Rufus N. | $39.61. | Township. | 1000 years." |

The township committee is not, by the act, required to make any particular or formal entry of its order to sell, and it adequately appears by these entries that an order to sell lands for taxes was in fact made.

The certificate of sale, which is set out in full in the return, when taken with the statement of the proceedings of the committee and the state of the case agreed on, shows that the premises in controversy were sold for delinquent taxes, and that fact was also recited in the lease. These two documents are such instruments as are comprised within the declarations of sale and conveyances mentioned in the fifteenth section of the act relative to the sales of lands ; and, as we have seen, the recitals contained in them are *prima facie* evidence of the truth of the facts recited. From the certificate of sale and the lease, as explained by the case agreed on, it sufficiently appears that the lands of Edgar now in controversy were sold to the purchaser named in the certificate, for the payment of delinquent taxes.

The objections which are fatal to the validity of the title are those which relate to the mode in which the sale was made.

The fourth section of the act of 1873 requires the advertisement of the sale to specify the time and place of sale ; and by the fifth section it is enacted that, on the day mentioned in said notice, or some subsequent day to which said sale may be adjourned, the chairman of the township committee shall, at the hour named in said notice, proceed to sell, &c. The general statute relative to sales prescribes that all sales by any officer or person authorized or required by any public statute to make sale of lands, shall be made between the

hours of twelve and five o'clock in the afternoon of the day appointed.    *Rev., p.* 1040, § 1.

The certificate of sale and lease, which are signed by the town committee, recite that on the 9th day of August, 1875, at a public sale by them held of lands and real estate for the payment of delinquent taxes in said township, pursuant to the laws in such case made and provided, and also in accordance with the provisions of an act entitled " An act to facilitate the collection of taxes in the township of Woodbridge, in the county of Middlesex," approved April 4th, 1873, the following tract or parcel of land of Rufus N. Edgar was sold for delinquent taxes.    But it does not appear by the certificate of sale, or the lease, or otherwise, that the township committee, at the hour named in the notice of the sale, proceeded to sell, or between what hours the sale was made; nor does it appear that the chairman of the committee attended the sale, or that the sale was made by him or under his personal supervision.    By the act of 1873, a majority of the township committee is constituted a quorum for the purposes of the act; and it is entirely consistent with the statements in the certificate of sale that the sale was held by a majority of the committee and in the absence of its chairman.

The power to sell lands for taxes is a naked power, and the validity of a title derived from such a sale depends upon a strict compliance with the directions of the statute.    The officer entrusted with the power of sale exercises a naked statutory and special authority, depending upon the letter of the law for its support.    He must act in conformity with the law from which his power is derived; and a purchaser at such a sale is bound to inquire whether he has so acted.    It is, therefore a condition precedent to the passing of titles at such sales that all the proceedings of the officers who have anything to do with the assessment and collection of taxes, or with the advertisement and sale of the property, shall be in compliance with the statute authorizing the sale.    *Blackwell on Tax Tit.* 34; *State* v. *Jersey City,* 7 *Vroom* 188; *Den* v. *Philhower, supra; Osborne* v. *Tunis,* 1 *Dutcher* 634; *Den* v.

*Mulford*, 1 *Zab.* 500. The *onus probandi* is upon the purchaser, and he must show affirmatively that everything has been done which the statute makes essential to the due execution of the power. *Blackwell on Tax Tit.* 73, 74.

To sustain a title under a tax sale, the purchaser must prove that the proceedings were in fact in compliance with the statute. The fifteenth section of the act relative to sales does not affect the title derived by virtue of the deed ; it only changes the rule of evidence as to the manner of proving the facts required to constitute a valid sale. *Campbell* v. *Howland*, 5 *C. E. Green* 186. The recital in the declaration of sale or conveyance that the sale was made pursuant to the statute, without setting forth the facts, is not a sufficient averment of compliance with the statute. *Salt Lake City National Bank* v. *Hendrickson*, 11 *Vroom* 52. The recital in a sheriff's deed, stating the manner in which the advertisement of the sale was made, is *prima facie* evidence that he has duly advertised the sale ; but a recital that he advertised or made sale according to law or pursuant to the statute, has never been considered as showing compliance with the statute.

The act did not give the power to make the sale to the committee, nor to the members of the township committee generally. It gave the power to sell to the chairman of the committee, and devolved upon him alone the duty of selling, and gave him no authority to delegate his powers to others. It distinctly required that he, at the hour named in the notice, should proceed to sell.

The time when the sale was made, and the person by whom it was made, are among the most essential qualities of a tax sale.

For the reason that it does not appear that the sale of the lands in question was made by the proper person, or within the hours within which the sale might lawfully be made, we think the sale and all proceedings under it should be set aside.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, DIXON, KNAPP, MAGIE, PARKER, SCUDDER, VAN SYCKEL, COLE, DODD, GREEN, LATHROP. 13.

*For reversal*—None.