HUDSON COUNTY PARK COMMISSION, PROSECUTOR, v. FELIX S. JACOBSON, COLLECTOR OF TAXES OF THE TOWN OF KEARNY, DONALD ALLEN, CLERK OF THE TOWN OF KEARNY, AND THE TOWN OF KEARNY, IN THE COUNTY OF HUDSON, RESPONDENTS.

Submitted October 3, 1944—Decided December 13, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Leo S. Sullivan*.

For the respondent, *Calvin S. Koch*.

The opinion of the court was delivered by

PORTER, J.   The questions submitted by this writ are the legality of tax assessments for local benefits levied against lands of prosecutor and its right to attack the assessments after a lapse of more than two years from the date of the recording of certificates of tax sales.

From the facts as stipulated, it appears that the prosecutor, a body politic, acquired certain lands for public park purposes in the Town of Kearny during the years 1907 to 1911, inclusive.   These lands were later improved and have been used for park purposes since 1913.   They are a part of what is known as West Hudson Park.   In 1924 the town graded and improved Duke and Devon Streets which are adjacent to the park property, and on March 12th and 16th, 1924, assessed

a proportionate share of the cost of the paving against the park lands. Upon failure of prosecutor to pay the assessments, the town by appropriate proceedings sold the premises so assessed on June 29th, 1937, to itself. The three tax certificates covering the sale were recorded in the register's office for Hudson County on September 15th, 1937. On December 22d, 1943, respondents instituted a suit in Chancery to foreclose its tax liens.

The pertinent statute, *Pamph. L.* 1918, *p.* 849·(now *R. S.* 54:4–3.3), exempts from taxation publicly owned property used for public purposes. This property comes within this exemption and was so recognized by the town, as no taxes of any kind had been levied against it until the assessments in question for local improvements. Not being subject to tax, this property may not, we think, be taxed under the guise of a special assessment for local improvements. This is taxation by whatever name called, notwithstanding the fact that the proceeds are to pay for local improvements rather than to be used for general municipal expenses. Compare *Sigler* v. *Fuller,* 34 *N. J. L.* 227; *Agurs* v. *Newark,* 35 *Id.* 168; *Shaler* v. *McAleese,* 73 *N. J. Eq.* 536., There is no statutory authority for a municipality to levy a tax by special assessment for local improvements to property publicly owned and used for public purposes. Compare *Trustees of Public Schools* v. *Trenton,* 30 *Id.* 667 (at *p.* 681); *Green* v. *Hotaling,* 44 *N. J. L.* 347; *affirmed,* 46 *Id.* 207; *Leggett* v. *Plainfield,* 97 *Id.* 341; *Passaic Valley Sewerage Commissioners* v. *Jersey City,* 93 *Id.* 427; ·*Lucas* v. *Montclair,* 128 *Id.* 149.

The sole point argued by respondents is that under *R. S.* 54:5–52 the certificate of the tax sale is presumed to be valid, and no evidence to rebut such presumption may be admitted in any court after two years from the recording of the certificate unless same was procured by fraud. This statute does not apply to an assessment which was void *ab initio.* Its only purpose is, we think, to aid in the enforcement and collection of unpaid taxes and assessments validly made. It cannot give validity to a void assessment. This being an invalid assessment, there was no duty imposed by it on prose-

cutor to institute any proceeding to have it so declared. It treated the assessment as an illegal one and only found it necessary to challenge it when the foreclosure suit in Chancery was instituted. It then filed an answer setting up the illegality of the assessment. Chancery granted leave under *R. S.* 54:5–101 to apply for a writ of *certiorari* to determine the validity of the tax sale certificates and stayed the proceedings in that court for this purpose. We conclude that the property of prosecutor being exempt from tax as stated, the levy of this assessment was void and of no effect and there was no valid tax lien sale.

Failure of prosecutor in challenging this tax assessment sooner does not constitute laches. The delay caused no hardship or loss to anyone. The tax assessment proceeding was absolutely void, and prosecutor was within its rights in so treating it. The lapse of time could not give life or validity to the *ultra vires* act of the municipality in attempting to levy an illegal assessment. Compare *Peckham* v. *Newark,* 43 *N. J. L.* 576; *Bogert* v. *Elizabeth,* 27 *N. J. Eq.* 568.

The assessments and the tax sale certificates based thereon are set aside, with costs.