45 N.J. Super. 253 (1957)
132 A.2d 39
THOMAS NORDELL AND ROSE NORDELL, PLAINTIFFS,
v.
TOWNSHIP OF MANTUA, A MUNICIPAL CORPORATION; HERBERT P. FIRTH AND MARJORIE B. FIRTH, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 22, 1957.
*255 Mr. William K. Dickey, Jr., attorney for plaintiffs.
Mr. Milton L. Silver, attorney for defendant Township of Mantua.
Mr. Neil F. Deighan, Jr., attorney for defendants Firth.
HANEMAN, J.S.C.
Plaintiffs seek to reopen a final decree of the Court of Chancery (final judgment) dated September 22, 1943, in the above entitled matter, and to set aside a conveyance from defendant Township of Mantua to defendants Firth.
The facts, which were stipulated, are as follows:
On August 25, 1931 the plaintiffs purchased Lots 40 and 41, Section B on Plan of Lots known as "Mantua Manor," located in the Township of Mantua, County of Gloucester and State of New Jersey, from George I. and Frances G. Cohen, his wife, and received a deed of identical date. Said deed was recorded on September 24, 1954 in the county clerk's office of Gloucester County in Book 781, p. 413. Plaintiffs paid the taxes assessed by the Township of Mantua against this property from and including the years 1931 to 1955, inclusive.
For some reason the tax records of the Township of Mantua for the year 1932 contained an insertion made in pencil, showing the name and address of Thomas Nordell as owner, together with the name of George I. Cohen. For the years 1933 to 1945 the tax records show the name and address of Thomas and Rose Nordell as owners. For the years 1931 to 1943 inclusive, said lots were also assessed in the name of George I. Cohen, but no taxes were paid by him after 1931. How a duplicate assessment occurred on the tax record is unexplained.
On December 22, 1934 said township held a tax sale under N.J.S.A. 54:5-19 for an alleged tax delinquency by George *256 I. Cohen for the year 1932. Thereafter, on April 26, 1943 the township instituted a foreclosure action in the Court of Chancery. Plaintiffs were not joined as parties to this action, neither were they served with process. A final decree was entered in said action on September 22, 1943 against the defendants therein named. On January 18, 1954 the Township of Mantua conveyed to Herbert P. Firth and Marjorie B. Firth a number of parcels of land, including the lots of the plaintiffs, after a public sale. The deed from said township was recorded on January 22, 1954 in the office of the County Clerk of Gloucester County, in Deed Book 761, p. 1 etc.
The defendants admit the foregoing facts but deny the right of the plaintiffs to succeed in this action, on the grounds that under N.J.S.A. 54:5-87 and 54:5-100 plaintiffs' action is barred by lapse of time.
It is to be noted at the outset that a municipality is empowered to sell lands for unpaid taxes or any municipal lien under N.J.S.A. 54:5-19, which provided, as far as is here material, as follows:
"When unpaid taxes or any municipal lien * * * on real property, remains in arrears * * * the collector * * * shall * * * enforce the lien by selling the property * * *."
N.J.S.A. 54:5-52 provides as follows:
"The certificate of sale shall be presumptive evidence in all courts in all proceedings by and against the purchaser, his representatives, heirs, and assigns, of the truth of the statements therein, of the title of the purchaser to the land therein described, and the regularity and validity of all proceedings had in reference to the sale. After two years from the record of the certificate of sale, no evidence shall be admitted in any court to rebut the presumption, unless the holder thereof shall have procured it by fraud, or had previous knowledge that it was fraudulently made or procured."
As concerns the final judgment, N.J.S.A. 54:5-87 provided as follows:
"The decree shall be final upon the defendants, their heirs, devisees and personal representatives, and their or any of their heirs, devisees, *257 executors, administrators, grantees, assigns or successors in right, title or interest, and no application shall be entertained to reopen the decree after three months from the date thereof, and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit." (Italics supplied.)
N.J.S.A. 54:5-100 provided as follows:
"In a proceeding in the court of chancery to foreclose the right of any defendant therein named to redeem lands from the lien of a certificate of sale thereof issued for nonpayment of taxes or other municipal lien, the validity of the tax or other municipal lien for which the sale was made and certificate issued, and the validity of the proceedings to sell the lands shall be conclusively presumed unless a defendant in the suit shall by answer set up as a defense thereto the invalidity of the tax or other municipal lien or the invalidity of the proceedings to sell or the invalidity of the sale." (Italics supplied.)
At the outset it should be noted that the above cited statutes, each being a portion of the comprehensive plan for the assessment, levy and collection of taxes, are in pari materia and must be read together. Bogda v. Chevrolet-Bloomfield Div., G.M. Corp., 8 N.J. Super. 172 (App. Div. 1950); City of Linden v. Gleffi, 6 N.J. 246 (1951).
In Hudson County Park Comm. v. Jacobson, 132 N.J.L. 287 (Sup. Ct. 1944), the court held as follows:
"The sole point argued by respondents is that under R.S. 54:5-52 the certificate of the tax sale is presumed to be valid, and no evidence to rebut such presumption may be admitted in any court after two years from the recording of the certificate unless same was procured by fraud. This statute does not apply to an assessment which was void ab initio. Its only purpose is, we think, to aid in the enforcement and collection of unpaid taxes and assessments validly made. It cannot give validity to a void assessment. This being an invalid assessment, there was no duty imposed by it on prosecutor to institute any proceeding to have it so declared. It treated the assessment as an illegal one and only found it necessary to challenge it when the foreclosure suit in Chancery was instituted. It then filed an answer setting up the illegality of the assessment. Chancery granted leave under R.S. 54:5-101 to apply for a writ of certiorari to determine the validity of the tax sale certificates and stayed the proceedings in that court for this purpose. We conclude that the property of prosecutor being exempt from tax as stated, the levy of this assessment was void and of no effect and there was no valid tax lien sale."
*258 The rights and liabilities under the tax sale arose under the statute. Nelson v. Naumowicz, 1 N.J. 300 (1949).
The power to sell land for the payment of taxes must be exercised in strict accordance with the provisions of the statute. Inhabitants of Woodbridge Tp. v. State (Allen, Pros.), 43 N.J.L. 262 (E. & A. 1881).
Here it is self-evident that there exist no "unpaid taxes or other municipal lien" against the real estate. The municipality, therefore, was without power to make the sale, and it follows that the tax sale certificate was void.
The defendants can obtain no repose under N.J.S.A. 54:5-87, since the plaintiffs were not made parties defendant to the foreclosure proceeding and did not have actual notice thereof. The provision in N.J.S.A. 54:5-87 that "* * * no application shall be entertained to reopen the decree after three months from the date thereof * * *" was not an independent clause but referred to the preceding portion of the same sentence, i.e., "* * * The decree shall be final upon the defendants * * *." These two portions of the same sentence must be read together. The statute prohibits a defendant in a proceeding to foreclose a tax sale certificate from making an application to reopen a final judgment after three months. This does not apply to one who was not joined as a defendant. To conclude otherwise would be violative of the constitutional prohibition against the taking of property without due process of law.
Neither can the defendants obtain any repose under N.J.S.A. 54:5-100, since this section of the statute contemplated and specifically provided that "* * * the validity of the proceedings * * * shall be conclusively presumed unless a defendant in the suit shall * * * set up as a defense thereto the invalidity of the tax or other municipal lien * * *." (Italics supplied.) Again, inasmuch as the plaintiffs here were not made party defendants in the foreclosure proceedings, they are not barred under the terms of the statute. They were never accorded their day in court and the opportunity to contest the validity of the tax sale certificate.
*259 In the light of the foregoing, it is here held that the tax sale certificate was void ab initio and that the foreclosure predicated thereon was as well void. Judgment will therefore be entered for the plaintiffs.
Insofar as defendants' counterclaim for the improvements made upon the lands is concerned, I conceive that under the facts here present nothing has been demonstrated which would warrant such relief. The counterclaim will be dismissed.