GENERAL ELECTRIC COMPANY, A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF, v. CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THE BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, AND E. A. ANCUKATIS, COLLECTOR OF TAXES OF THE CITY OF PASSAIC, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 29, 1958.

*Messrs. Evans, Hand & Evans,* attorneys for plaintiff.

*Mr. William N. Gurtman,* attorney for defendants.

GRIMSHAW, J. S. C.  The General Electric Company, since 1954, has stored certain of its finished products in a public warehouse at 99 President Street in the City of Passaic.  The warehouse is operated by Ejay Warehousing Company, which is engaged in the business of storing goods for hire.

The plaintiff corporation claims that the property is exempt from personal property taxes by virtue of the provision of *N. J. S. A.* 54:4–3.20, which reads as follows:

"Exemption of personal property in storage

All personal property stored in a warehouse of any person, copartnership or corporation engaged in the business of storing goods for hire shall be exempt from taxation under this chapter."

The City of Passaic, for the year 1956, assessed the property in the amount of $2,000,000 and levied a tax thereon of $146,600.  For the year 1957 the assessment was raised to $2,200,000 and the tax levy to $165,000.  Both assessments were appealed to the county board of taxation and upon a denial of the appeals by the county board have been appealed to the Division of Tax Appeals in the Department of the Treasury.  The 1956 appeal has been heard and is at the present time under advisement.  The 1957 appeal has not yet been heard by the Division of Tax Appeals.

The City of Passaic has threatened to sell the property of the plaintiff corporation in order to enforce payment of the tax.  The company seeks an injunction restraining the city from taking action pending the determination of the appeals.

*N. J. S. A.* 54:3–27 provides as follows:

"Payment of tax pending appeal

A taxpayer who shall file an appeal from an assessment against him may pay to the collector of the taxing district such portion of the taxes assessed against him as he would be required to pay if

his appeal were sustained. The collector shall accept such amount, when tendered, give a receipt therefor and credit the taxpayer therewith, and the taxpayer shall have the benefit of the same rate of discount on the amount paid as he would have on the whole amount.

The payment of part or all of the taxes upon any property, due for the year for which an appeal from an assessment upon such property has been or shall hereafter be taken, or of taxes for subsequent years, shall in no wise prejudice the status of the appeal or the rights of the appellant to prosecute such appeal, before the county board of taxation, the State Board of Tax Appeals, or in any court to which the judgment arising out of such appeal shall be taken."

The city contends that in order to be entitled to relief in this court the company should be required to pay such portion of the taxes assessed against it as it would be required to pay if its appeals were sustained. The company, on the other hand, contends that no advance payment should be required of it since its appeal is based upon the contention that its property is exempt, and, therefore, no money is due. It argues further that were it to pay any portion of the taxes and later it should be determined that the property was exempt, the payment would be regarded as voluntary and a refund would not carry interest. *Hahne Realty Corp. v. City of Newark,* 119 *N. J. L.* 12 (*E. & A.* 1937).

In my opinion the contention of the company is sound, and an injunction will issue, forbidding a sale of the property until the Division of Tax Appeals has rendered its judgment. *Rice v. City of Newark,* 136 *N. J. Eq.* 53 (*Ch.* 1944).