275 N.J. Super. 605 (1994)
646 A.2d 1136
BRINKLEY, MARY ANN, PLAINTIFF,
v.
WESTERN WORLD INC., A NEW JERSEY CORP., ARTHUR PASHOW, FIRST NATIONAL BANK OF CENTRAL JERSEY, BYRAM TOWNSHIP, BYRAM TOWNE ASSOCIATES, INC., A NEW JERSEY CORP., THE MONEY STORE INVESTMENT CORP., STATE OF NEW JERSEY, DEFENDANTS. BRINKLEY, MARY ANN, PLAINTIFF,
v.
CHEYENNE CORP., A NEW JERSEY CORP., FIRST NATIONAL BANK OF CENTRAL JERSEY, BYRAM TOWNE ASSOCIATES, INC., A NEW JERSEY CORP., THE MONEY STORE INVESTMENT CORP., A NEW JERSEY CORP., BYRAM TOWNSHIP, STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division, Sussex County.
January 12, 1994.
*607 Phillip F. Guidone for plaintiff.
Richard M. Conley for defendants Western World and Cheyenne Corporation (Conley & Haushalter, attorneys).
Kevin D. Kelly for defendant Byram Township (Kelly, Gaus & Holub, attorneys).
Douglas M. Angoff for defendant Byram Towne Assoc. (Keane, Brady & Burns, attorneys).
MacKENZIE, P.J.Ch.
On January 7, 1994, the court heard oral argument on plaintiff's motions for summary judgment. The court now denies the motion as against Western World and carries the motion without date as against Cheyenne, for the reasons set forth below.
These are actions for judgments in foreclosure upon two tax sale certificates, pursuant to N.J.S.A. 54:5-85 to 54:5-104. The two lots subject to these foreclosure actions are Block 365, Lot 5 and Block 365, Lot 17, located in Byram Township (hereinafter Lot 5 and Lot 17). Liens were placed on the property for failure to pay taxes for the years of 1983 and 1985. Defendants appealed, claiming that the property was entitled to farmland assessment.
The tax liens were sold by Byram Township to plaintiff in 1986. At that time, defendants filed an order to show cause to restrain the sale, claiming that Byram wrongfully denied farmland assessment. Restraints were denied and the complaint was dismissed based upon a finding by Judge Reginald Stanton that no immediate, irreparable harm would result from the sale of the subject tax certificates. No appeal ensued.
A single certificate was sold to plaintiff for alleged unpaid taxes on Lot 5 for the years of 1983 and 1985, in the amount of *608 $29,368.47. A single certificate was sold to plaintiff for unpaid taxes on Lot 17 for the same years in the amount of $20,040.31.
In 1988, the Supreme Court ruled that Lot 5 and Lot 17 were entitled to farmland assessment for 1983. Byram Township v. Western World, et al., 111 N.J. 222, 544 A.2d 37 (1988). In December 1993, the Appellate Division ruled that Lot 5 was entitled to farmland assessment for 1985, but not Lot 17.
The tax collector credited an overpayment of taxes to the years 1983 and 1985 pursuant to N.J.S.A. 54:4-134. As a result, there are no outstanding taxes against either lots for 1983 and no outstanding taxes against Lot 5 for 1985. It is unknown whether defendants owe taxes on Lot 17 for 1985 since an overpayment of tax was made on Lot 17 for 1983 and 1984. The tax collector is currently calculating whether there are outstanding taxes against Lot 17 for the year of 1985.
Plaintiff now seeks to foreclose the tax sale certificates for Lots 5 and 17. There are no material facts in dispute.[1]

I
A municipality is empowered to sell lands for unpaid taxes or any municipal lien pursuant to N.J.S.A. 54:5-19; See also Nordell v. Mantua Twp., 45 N.J. Super. 253, 256, 132 A.2d 39 (Ch.Div. 1957). N.J.S.A. 54:5-52 provides:
The certificate of sale shall be presumptive evidence in all courts in all proceedings by and against the purchaser ... of the truth of the statements therein, of the title of the purchaser to the land therein described, and the regularity and validity of all proceedings had in reference to the sale. After two years from the record of certificate of sale, no evidence shall be admitted in any court to rebut the presumption, unless the holder thereof shall have procured it by fraud, or had previous knowledge that it was fraudulently made or procured.
*609 Plaintiff asks the court to interpret the statute strictly and preclude any evidence that challenges the validity of the liens. Plaintiff argues that the tax sale certificates and liens are valid and enforceable and a judgment in foreclosure should be rendered. Plaintiff cites to no cases mandating a strict interpretation of the conclusive presumption and time limitation. Rather, plaintiff relies upon the word "shall" to imply strict accordance.
The court takes into consideration that the owners did file a complaint and admit evidence to rebut the presumption in 1986, the year the certificates were sold. Thus, the court could interpret the 1986 action to enjoin the sale before Judge Reginald Stanton as adequate compliance with the time requirements set forth in N.J.S.A. 54:5-52.
Furthermore, strict interpretation of the time limitation and presumption set forth in N.J.S.A. 54:5-52 is contrary to decisional authority. N.J.S.A. 54:5-100 provides,
In an action in the Superior Court to foreclose [a tax sale certificate], ... the validity of the tax or other municipal lien for which the sale was made and certificate issued ... shall be conclusively presumed unless a defendant in the action shall set up as a defense thereto the invalidity of the tax or other municipal lien ... All questions as to such invalidity may be tried in the action.
Nordell, supra, held that the two statutes "are in pari materia and must be read together." 45 N.J. Super. at 257, 132 A.2d 39 (citations omitted).
New Jersey case law has held that the statutory presumption of validity and the two year limitation does not apply to an assessment which is void ab initio. Nordell, supra, 45 N.J. Super. at 257, 132 A.2d 39 (quoting Hudson County Park Comm. v. Jacobson, 132 N.J.L. 287, 40 A.2d 201 (Sup.Ct. 1944)). Nordell cites to Hudson for the following proposition, "[i]ts [N.J.S.A. 54:5-52] only purpose is, we think, to aid in the enforcement and collection of unpaid taxes and assessments validly made. It cannot give validity to a void assessment." Nordell, supra, 45 N.J. Super. at 257, 132 A.2d 39 (quoting Hudson, 132 N.J.L. 287, 40 A.2d 201).
In Hudson, plaintiff was permitted to challenge the validity of an assessment more than two years after the sale, because the *610 assessment was void ab initio. In Hudson, the municipality assessed taxes against property which was exempt by statute. Hudson, 132 N.J.L. at 286, 40 A.2d 201. The court held that when the assessment is invalid, the owner can wait until a foreclosure suit in the Chancery Division is instituted to challenge its validity. Id. at 289, 40 A.2d 201.
Nordell stands for the proposition that when there are no unpaid taxes against the property, the lien and/or tax certificate is deemed void ab initio. 45 N.J. Super. at 258, 132 A.2d 39. Since the lien is deemed void, evidence is admissible to rebut the presumption set forth in N.J.S.A. 54:5-52. Hudson, supra, 132 N.J.L. 287, 40 A.2d 201.
Strict enforcement of N.J.S.A. 54:5-52 is not only contrary to decisional authority, it is contrary to general equitable principles. "The rule seems to be that where under a statute providing for tax sales, a deed delivered will be presumptive evidence of title, equity may intervene to either prevent the sale, or if the deed be delivered, to cancel it." Cahill v. Town of Harrison, 87 N.J. Eq. 524, 526, 100 A. 625 (Ch. 1917).
The court also relies upon the general equitable principles which apply to the remedy of foreclosure. Foreclosure is a harsh remedy and equity abhors a forfeiture. A court of equity may invoke its inherent equitable powers to avoid a forfeiture and deny the remedy of foreclosure. Sanguigni v. Sanguigni, 197 N.J. Super. 505, 507, 485 A.2d 332 (Ch.Div. 1984) (a determination as to whether an action "... warrants the remedy of foreclosure involves the operation of equitable principles [and] . . is subject to the exercise of discretion by the court"). See also Kaminski v. London Pub., 123 N.J. Super. 112, 117, 301 A.2d 769 (App.Div. 1973).
Thus, plaintiff's argument with respect to strict enforcement of the conclusive presumption and time limitation set forth in N.J.S.A. 54:5-52 is rejected. The court may set aside the tax *611 certificate and deny the remedy of foreclosure if a forfeiture or inequity would result or if the tax assessment is void ab initio.[2]

II
N.J.S.A. 54:4-134 provides that when a property tax refund is applied against delinquent property taxes, and no further taxes are due and owing, the lien is extinguished. Accordingly, the court finds that the lien as to Lot 5 is "extinguished" and the court may invoke its equitable powers to set aside the tax sale certificate. See Cahill, supra, 87 N.J. Eq. at 525, 100 A. 625. Since no taxes are owed on Lot 5, a judgment in foreclosure would clearly constitute a forfeiture. As previously stated, equity abhors a forfeiture. Thus, a judgment in foreclosure as to Lot 5 is denied.
The lien on Lot 17 for the year of 1983 has been extinguished, but it has yet to be determined whether taxes are outstanding on Lot 17 for the year of 1985. Therefore, the summary judgment motion with respect to Lot 17 will be carried pending a determination by the Byram Tax Collector as to whether taxes are due and owing.
Although the court is invoking its equitable powers to set aside a tax sale certificate because the underlying lien has been extinguished, the court is mindful that the plaintiff-purchaser is not without recourse. If the tax certificate or lien is invalid or set aside, the certificate of sale may be assigned to the municipality and the municipality may then refund to the purchaser. Tontodonati v. City of Paterson, 229 N.J. Super. 475, 551 A.2d 1046 (App.Div. 1989); 13A New Jersey Practice, Real Estate Law & Practice §§ 35.6, at 488 (John A. Celentano) (1991).

*612 III
Defendant has opposed plaintiff's summary judgment motion by arguing that it was not required to pay any taxes on the property pending appeal, thus, the liens are invalid. Defendant relies upon N.J.S.A. 54:51A-3.
N.J.S.A. 54:51A-3 provides in pertinent part that "Class 3B (Farm Qualified) ... in appeal where a statutory qualification is the subject of the appeal [is] ... exempt from those provisions contained in subsection b. of R.S. 54:51A-1." N.J.S.A. 54:51A-1(b) provides:
At the time that a complaint has been filed with the tax court seeking review of a judgment of country tax boards, all taxes or any installments thereof then due and payable for the year which review is sought must have been paid....
N.J.S.A. 54:51A-1 is a jurisdictional statute that requires taxes be paid only as a prerequisite to jurisdiction for an appeal to the tax court. Schneider v. City of East Orange, 196 N.J. Super. 587, 483 A.2d 839 (App.Div. 1984), aff'd 103 N.J. 115, 510 A.2d 1118 (1986); General Electric Co. v. Passaic, 48 N.J. Super. 604, 138 A.2d 545 (Ch.Div. 1958). Thus, the exemption received by defendant is an exemption to the jurisdictional prerequisite, not an exemption from paying taxes.
N.J.S.A. 54:3-27 requires payment of taxes pending appeal, as a matter of law.[3] It is not a statutory prerequisite to obtaining jurisdiction for an initial tax assessment appeal.
Although defendants' argument is misplaced, and defendants should have paid outstanding taxes pending appeal, a violation of N.J.S.A. 54:3-27 may not entitle the movant to the remedy of foreclosure if an inequity or forfeiture would result.[4]
*613 In summary, the court denies plaintiff's motion for summary judgment as to Lot 5. The court finds that plaintiff is not entitled to a judgment in foreclosure with respect to Lot 5 since the lien has been "extinguished" (N.J.S.A. 54:4-134) and the remedy of foreclosure would invoke a forfeiture. Plaintiff's recourse is to seek the amount due from the municipality by assigning the tax certificate to Byram Township. See Tontodonati v. City of Paterson, 229 N.J. Super. 475, 551 A.2d 1046 (App.Div. 1989); CELENTANO, supra, § 35.6, 488.
It is not yet known whether taxes are due and owing as against Lot 17 for 1985. Plaintiff's motion for summary judgment to foreclose the tax sale certificate against Lot 17 is carried pending a determination from the Byram Tax Collector as to whether taxes are outstanding on Lot 17. Once a determination has been made, defendants are entitled to redeem by paying the amount due, if any, prior to the court's disposition of plaintiff's summary judgment motion.[5]
NOTES
[1] A fact in dispute which is not material to the instant action involves plaintiff's claim that defendants paid no taxes on the lots for 1983 and 1985. Defendants claim that some payments were made in 1983 through 1985, although it is not indicated how much tax payment was tendered.
[2] N.J.S.A. 54:5-44 sets forth specific instances when a sale of land for municipal liens shall not be set aside. The court's ruling is not inconsistent with N.J.S.A. 54:5-44.
[3] Before the statute was amended in 1991, the Legislature required 3/4 of assessed taxes to be paid pending appeal. The amendment now requires that the full amount of taxes to be paid pending appeal.
[4] The municipality also argues that the lien was valid at the time it was sold because defendants did not pay taxes pursuant to N.J.S.A. 54:3-27. Case law is clear that if a tax certificate is sold and it is later determined on appeal that the property owner was exempt from payment of taxes, the tax certificate is void. Overlook Hospital Assoc. v. Summit, 6 N.J. Tax 90 (Tax Ct. 1983), aff'd o.b. 6 N.J. Tax 350 (App.Div. 1984). If the tax certificate is void, foreclosure may be an improper remedy. The Court recognizes that Overlook may be distinguished because that property was absolutely exempt from taxation. However, assuming that the sale was valid at the time it occurred, the lien and subsequent tax certificate, at least for Lot 5, have been "extinguished." As such, the court may invoke its equitable powers to set the sale aside and avoid a forfeiture.
[5] N.J.S.A. 54:5-54 provides that the owner has "... 2 years from the date of sale when the purchaser is other than the municipality, or at any time thereafter until the right to redeem has been cut off in the manner in this chapter set forth, by paying to the collector ... the amount required for redemption ..." (emphasis added). Decisional authority has held that the right to redeem from foreclosure of a tax sale certificate should be liberally construed. Manning v. Kasdin, 97 N.J. Super. 406, 235 A.2d 219 (App.Div. 1967). Moreover, the right of redemption is not barred until a judgment in foreclosure is rendered. See Borough of Wildwood Crest v. Smith, 210 N.J. Super. 127, 509 A.2d 252 (App. Div.), certif. den. 107 N.J. 51, 526 A.2d 139 (1986). Thus, once the Township determines the amount due and owing on Lot 17 for the year of 1985, defendant has the opportunity to redeem prior to entry of a judgment in foreclosure.