**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0414-18T2

PC5 REO, LLC,

 Plaintiff-Respondent,

v.

BLOCK 209, LOT 43, 451 LINE
ST., CITY OF CAMDEN, NEW
JERSEY ASSESSED TO:  MAS
RENTAL, LLC,

 Defendant-Appellant.

_____

Submitted January 14, 2020 – Decided January 28, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-019818-17.

Stephen Altamuro, attorney for appellant.

Gary C. Zeitz, LLC, attorney for respondent (Amber Jean Monroe, on the brief).

PER CURIAM

Plaintiff purchased a tax sale certificate on Camden property owned by Mas Rental LLC, for $2,422.09 in June 2016, and filed this action to foreclose in August 2017. A few days after filing its complaint, and to justify its filing less than two years from the purchase of the tax sale certificate, N.J.S.A. 54:5-86(a),[1] plaintiff moved for an order declaring the property abandoned. Marcia Copeland, a member of Mas Rental, attempted to respond to the abandonment motion; her written response was apparently rejected because she was not an attorney and could not, for that reason, appear on behalf of the limited liability company. Plaintiff's counsel responded to Copeland's unaccepted response, and the trial judge granted the motion to declare the property abandoned on September 25, 2017. In January 2018, Copeland sought dismissal of the complaint, but her motion papers were rejected for the same reason her earlier opposition was rejected.

In February 2018, Copeland filed a pro se motion to intervene on her own behalf and to dismiss the action, claiming the originally named plaintiff

---

[1] N.J.S.A. 54:5-86(a) permits commencement of a foreclosure action after six months following the sale when the purchaser is a municipality, and after two years if the purchaser is anyone else. N.J.S.A. 54:5-86(b), however, declares that the action to foreclose may be brought "at the time of the tax sale or thereafter" but only if the tax sale certificate is on property that is abandoned within the meaning of the Abandoned Properties Rehabilitation Act, N.J.S.A. 55:19-78 to -107.

A-0414-18T2

(USBANK Cust/PC5 Sterling Natio) was not a registered entity. She also moved to vacate the default entered against Mas Realty and for the entry of summary judgment dismissing the complaint. Plaintiff moved to substitute PC5REO LLC as the proper plaintiff in this action, and, at the same time, moved for entry of final judgment. Copeland's attempts to be heard were denied and final judgment was entered.

In May 2018, Mas Rental retained counsel and moved to vacate the default judgment. Mas Rental argued through Copeland's certification that: Mas Rental had rented the property; the tenant failed to pay the property tax as required by its lease; Mas Rental was not given notice of the sale of the tax certificate; Mas Rental's tenant had vacated the property without notice; the property was damaged but, upon learning of the tenant's departure, Mas Rental boarded up the premises and began repairs; and Mas Rental was not served with process in this action and was unaware of the suit until plaintiff moved to declare the property abandoned. The certification then briefly recounted Copeland's attempts to respond to both the complaint and the abandonment motion. She also described the repairs on the property and that a new tenant had taken possession.

The motion was heard in July 2018. The judge then concluded that Mas Rental would have to put money in escrow before any relief would be

A-0414-18T2

considered, and the judge provided a few weeks for compliance[2] or a resolution of the dispute.

Apparently, Mas Rental was unable to resolve the counsel fee issue along the lines suggested by the judge, so the judge ruled on the Rule 4:50 motion in August 2018.  After recounting the procedural history, the judge appears to have denied the motion because she was of the view that Mas Rental could not show excusable neglect in failing to timely respond to the complaint, or any of the other applications that ultimately produced the final judgment.  Although the judge discussed Mas Rental's allegations that disputed plaintiff's assertion that the property had been abandoned, the judge did not opine on whether those allegations were sufficient to present a disputed question about abandonment. The judge instead denied the motion because she concluded Mas Relief had not been sufficiently diligent in responding to plaintiff's applications.

Mas Rental appeals the order denying its Rule 4:50 motion. We agree that the judge did not view the motion with the liberality required.  See Marder v.

---

[2]  The judge then stated that "she's not going to get off scot-free.  I'm not going to look at this and say she didn't do anything she was supposed to do, these people got a valid final judgment, and now I'm just going to make it disappear, she pays her 5,000-plus dollars and everything is all hunky-dory again.  That's not the way it's going to work.  She's going to have to pay something towards counsel fees.  Whether it's the whole 4500, you know, I'm iffy about."

A-0414-18T2

Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964). Chancery judges should be particularly sensitive to the efforts of a self-represented party in foreclosure matters, since it has long been acknowledged that "equity abhors a forfeiture." See Sovereign Bank, FSB v. Kuelzow, 297 N.J. Super. 187, 198 (App. Div. 1997); Brinkley v. Western World Inc., 275 N.J. Super. 605, 611 (Ch. Div. 1994), aff'd o.b., and modified on other grounds, 292 N.J. Super. 134 (App. Div. 1996). This is particularly true in tax sale foreclosure matters, since "strict enforcement of [the tax foreclosure law] is not only contrary to decisional authority, it is contrary to general equitable principles." Brinkley, 275 N.J. Super. at 610.

Were Copeland's attempts to respond to plaintiff's motions, and her motion to intervene on her own behalf, deficient? They were. Nevertheless, the court and the plaintiff understood that the property owner was attempting to make its position known. Unrepresented parties must, of course, comply with the court rules, but courts should at times be a little more understanding when unrepresented parties ineptly deal with the judicial system, especially in complex matters, such as tax sale foreclosures. Moreover, there appears to be sufficient evidence of a meritorious defense. For example, the judge acknowledged that Mas Rental was not served with the complaint until a few

months after the judge heard and granted plaintiff's motion to declare the property abandoned. This raises a substantial question as to whether there was a due process violation. Mas Rental also alleged various facts about the property that would run counter to plaintiff's claim that the property was abandoned; if the property was not abandoned, then plaintiff would not have been lawfully permitted to file the foreclosure complaint. See N.J.S.A. 54:5-86.

We are satisfied that the judge erred in denying Mas Rental's Rule 4:50 motion. We reverse that order, vacate the default judgment, and remand for entry of an order permitting the filing of an answer.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0414-18T2