**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1604-19

TOWER DBW VI REO, LLC,

    Plaintiff-Appellant,

v.

SUNSHINE HOMES, LLC, and
BRISCO FUNDING, LLC,

    Defendants-Respondents.

_____

        Argued May 5, 2021 – Decided July 1, 2021

        Before Judges Sumners and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-004358-19.

        Susan B. Fagan-Rodriguez argued for appellant (Rodriguez Law Group, LLC, attorneys; Susan B. Fagan-Rodriguez, on the brief).

        Javier M. Lopez argued for respondent Brisco Funding (Meyner and Landis, LLP, attorneys; Javier M. Lopez, on the brief).

Michael C. Schonberger argued for respondent Sunshine Homes, LLC.

PER CURIAM

Plaintiff Tower DBW VI REO, LLC appeals the Chancery Division, General Equity Part's November 22, 2019 order granting defendant Sunshine Homes and Management, Inc.'s (SHMI) motion to intervene and vacate final default judgment of foreclosure on a tax sale certificate for 212 Port Avenue in Elizabeth ("the property"). Because the record supports the court's determination that SHMI was a title holder when the complaint was filed and was not properly served the foreclosure complaint, we affirm.

I

In December 2014, SHMI purchased the property. (Pa51-56). A scrivener's error deeded the property to "Sunshine Homes, LLC," a non-existent entity, but listed SHMI's correct address of 700 Park Avenue in Elizabeth. The property was encumbered by a $176,000 commercial loan extended by defendant Brisco Funding, LLC to SHMI. The recorded mortgage note incorrectly listed "Sunshine Homes, Inc." as the mortgagee located at 700 Park Avenue, Elizabeth. Before the mortgage note and deed were recorded on December 12, 2014, Sunshine Homes, Inc.'s business status was revoked on

November 16, 2014, for failing to file an annual report for two consecutive years.

In June 2016, plaintiff purchased a tax sale certificate from the tax collector for the property, deeded to "Sunshine Homes, LLC." About two and a half years later, on January 28, 2019, plaintiff sent "Sunshine Homes, LLC" a pre-action notice advising that it would file a complaint to institute foreclosure proceedings on the property unless the tax sale certificate was redeemed within thirty days. The letter, although addressed to non-existent Sunshine Homes, LLC, was sent to SHMI's address of 700 Park Avenue, Elizabeth; receipt was acknowledged by SHMI's counsel.

Plaintiff filed a complaint on March 4, 2019 to foreclose the tax sale certificate against Sunshine Homes, LLC and Brisco when the tax certificate was not redeemed. As of January 28 of that year, the tax certificate lien amounted to $40,151.72. Proper service of the complaint was made upon Brisco. After filing the complaint, plaintiff allegedly conducted a search and discovered Sunshine Homes, LLC did not exist and another search identified Sunshine Homes, Inc., listing Sheldon Furman as registered agent. Consequently, service was not made upon the non-existent entity Sunshine Homes, LLC, but against the revoked Sunshine Homes, Inc.—which never had

A-1604-19

ties to the property—by delivering a copy of the summons and complaint to Furman, its registered agent, at 17 Arthur Place in Montville, New Jersey on March 7, 2019.

On April 17, more than a month after the foreclosure complaint was filed, a corrective deed for the property was filed and recorded, listing the grantor as "Sunshine Homes, LLC" at 700 Park Avenue in Elizabeth and the grantee as SMHI at the same address. On April 22, plaintiff moved for entry of default against Sunshine Homes, LLC and Brisco for failing to appear.

On May 21, plaintiff's motion was granted, and an order was entered setting the amount, time, and place for redemption for Brisco and Sunshine Homes, LLC. After redemption was not made, plaintiff obtained an uncontested final judgment against defendants Brisco and Sunshine Homes, LLC on August 14, 2019. The property was valued at approximately $435,000 while redemption of the tax lien was $40,589.66.

On September 5, SHMI filed a motion to vacate final judgment. The motion judge denied the request, stating SHMI lacked "standing because . . . [it] fails to establish that it is a party or a legal representative of the party." The judge held that if SHMI were "a party to this action and plaintiff had only effectuated service on [Sunshine Homes] LLC and . . . Brisco but not SHMI,

SHMI would have a valid argument for . . . lack of notice here. [SHMI] has not established that it is entitled to notice and, accordingly, the motion is denied."

SHMI in turn filed a motion to intervene, R. 4:33-1, and vacate final judgment, R. 4:50-1. (Pa96-138). The motion was granted. (Pa 180-81). In his oral decision, the judge reasoned SHMI's ownership of the property was not "an after acquired interest. It was an interest that was held and that the correct[ive] deed corrected only the title or the name of the party." He held that because SHMI was an interested party, "it would be not only unfair but [in]equitable to not allow the party to intervene" and vacated the default foreclosure judgment.

## II

Generally, a court's determination under Rule 4:50-1 warrants substantial deference and should not be reversed unless it results in "a clear abuse of discretion." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (internal quotations omitted) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A-1604-19

Rule 4:50-1(d) allows a party relief from a final judgment when "the judgment or order is void." "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Guillaume, 209 N.J. at 467 (citation and internal quotation marks omitted). "The minimum requirements of due process of law are notice and an opportunity to be heard[,] . . . mean[ing] an opportunity to be heard at a meaningful time and in a meaningful manner." Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001) (citing Doe v. Poritz, 142 N.J. 1, 106 (1995)). A "fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Rosa v. Araujo, 260 N.J. Super. 458, 463 (App. Div. 1992) (quoting O'Connor v. Altus, 67 N.J. 106, 126 (1975)).

Where a litigant has been provided due process, "technical violations of the rule concerning service of process do not defeat the court's jurisdiction." Rosa, 260 N.J. Super at 463 (citing O'Connor, 67 N.J. at 127-28). That said, "[d]efective service that results in a 'substantial deviation from service of

6

process rules' typically makes a judgment void." M & D Assocs. v. Mandara, 366 N.J. Super. 341, 352-53 (App. Div. 2004) (quoting Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003)). "If a judgment is void in this fashion, a meritorious defense is not required to vacate under the rule." Id. at 353 (citing Jameson, 363 N.J. Super. at 425).

"A court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (alterations in original) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). In accordance with N.J.S.A. 54:5-87, a foreclosure judgment "shall be final . . . and no application shall be entertained to reopen the judgment after three months from the date thereof, and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit." This court recently held that "even the three-month limit must yield to the Court Rules which permit applications thereafter." BV001 Reo Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 128 (App. Div. 2021) (citing M & D Assocs., 366 N.J. Super. at 351).

A-1604-19

Efforts to vacate a foreclosure action are limited. "In any action to foreclose the right of redemption in any property sold for unpaid taxes or other municipal liens, all persons claiming an interest in . . . [the] property, by or through any conveyance," which could be recorded but is not recorded "at the time of the filing of the complaint in such action shall be bound by the proceedings in the [foreclosure] action so far as [the] property is concerned, in the same manner as if he had been made a party to and appeared in such action . . . ." N.J.S.A. 54:5-89.1.

SHMI's motion to vacate was timely, whether considered under N.J.S.A. 54:5-87 or our court rules. Rule 4:50-2 requires that all motions seeking relief from a judgment be filed "within a reasonable time." See Orner v. Liu, 419 N.J. Super. 431, 436-37 (App. Div. 2011). A final judgment in this matter was entered on August 14, 2019, and SMHI filed a motion to vacate the judgement three weeks later on September 5. After the motion was denied because the judge determined SHMI was not a party to the complaint, SHMI filed a motion to intervene and vacate final judgment on October 17. Even assuming arguendo, that the October 17 motion did not relate back to the September 5 motion, the sixty-four days between the August 14 final judgment and the

October 17 motion was within a reasonable time under Rule 4:50-2, as well as the three-month deadline under N.J.S.A. 54:5-87.

The motion judge did not abuse his discretion in vacating the default foreclosure judgment. SHMI was deprived of procedural due process because it was not served the summons and foreclosure complaint. Even though SHMI's counsel was served with the pre-action notice of foreclosure, plaintiff failed to properly serve SHMI. Service is a jurisdictional issue and knowledge of a pending foreclosure before entry of foreclosure judgment does not estop a party from seeking relief where the judgment is void due to the lack of proper service. M & D Assocs., 366 N.J. Super. at 352.

Plaintiff was not diligent in effectuating service of process upon the proper party—SHMI. Although the deed named Sunshine Homes, LLC as the title owner, and the mortgage named Sunshine Homes, Inc. as the mortgagee and owner, both instruments correctly identified SHMI's address. Plaintiff's records search revealed that Sunshine Homes, LLC was a non-existent entity and that Sunshine Homes, Inc.'s business status was revoked before the deed and mortgage note were recorded. There was no showing that SHMI was responsible for the confusion regarding the deed owner of the property or the inability of plaintiff to identify the proper owner on whom to serve the foreclosure

A-1604-19

complaint. Even though the property's original recorded deed erroneously did not list SHMI as grantee, the lack of service of the foreclosure complaint upon SHMI made the judgment void under Rule 4:50-1(d).

We find no merit in plaintiff's assertion that SHMI, the property's title holder at the time the complaint was filed, was required to intervene before entry of final judgment on August 14, 2019. There is no dispute that SHMI was the property's owner despite the scrivener's error on the deed. In addition, SHMI's right to redeem was not "cut off" by the final default judgment as plaintiff argues, because the judgment was void due to lack of jurisdiction caused by lack of service on SHMI.

Moreover, vacating the foreclosure judgement was a proper exercise of the judge's equitable powers. The Tax Sale Law, N.J.S.A. 54:-1 to -137, aids in collection of property taxes. Varsolona v. Breen Capital Servs. Corp., 180 N.J. 605, 620 (2004). "Courts of equity have long been charged with the responsibility to fashion equitable remedies that address the unique setting of each case. . . ." Guillaume, 209 N.J. at 476. "In the tax sale certificate foreclosure context[,] considerations of public policy and equity are also taken into account." M & D Assocs., 366 N.J. Super. at 350. "Foreclosure is a harsh

remedy and equity abhors a forfeiture." Brinkley v. W. World, Inc., 275 N.J. Super. 605, 610 (Ch. Div. 1994).

Under the circumstances here regarding service of the foreclosure complaint, equity does not favor plaintiff's acquisition of a $435,000 property through default foreclosure judgment based on its purchase of a $35,000 tax sale certificate (2T-16 to 18), now valued at over $40,000. Accordingly, there is no sound basis to overturn the order granting SHMI's motion to intervene and vacate default final foreclosure judgment.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1604-19